HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

        Debtor.

No. 23-12303-TWD

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS, AND RELATED EXPENSES

Strategies 360, Inc. ("S360" or the "Debtor"), debtor-in-possession in the above-captioned chapter 11 bankruptcy case, moves the court on an emergency basis for entry of an order authorizing the Debtor to pay prepetition compensation, payroll taxes, employee benefits, and related expenses (the "Motion"). In support of this Motion, the Debtor incorporates the Declarations of Ronald D. Dotzauer and John Rosenberg in Support of First Day Motions (the "Dotzauer Declaration" and the "Rosenberg Declaration," respectively).

**JURISDICTION, VENUE, AND STATUTORY BASIS**

This court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408-09. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory basis for the relief sought in this Motion is 11 U.S.C. §§ 105(a), 507, and 541.

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 1 of 9

## I. BACKGROUND

S360 commenced its Chapter 11 case on November 27, 2023 (the "Petition Date") and is operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108. S360 is a public affairs, communications, and research firm with approximately 140 employees operating out of 18 offices in 11 states throughout the western United States, the District of Columbia, and British Columbia. *Dotzauer Decl.*, ¶¶ 3-5. A detailed discussion of the Debtor's business operations and events leading up to the filing of this chapter 11 case is set forth in the Dotzauer Declaration.

## II. RELIEF REQUESTED

S360 respectfully requests entry of an order, pursuant to 11 U.S.C. §§ 105(a), and 507(a), authorizing the Debtor to (a) pay prepetition wages, salaries, origination compensation, health benefits, and other benefits that the Debtor pays to its full-time and part-time employees (collectively, the "Employees") in the ordinary course of its business, and to continue to honor its prepetition practices, programs and policies with respect to the Employees, including payments to third party administrators and advisors necessary to carry out the foregoing (collectively, "Prepetition Employee Obligations"); and (b) to continue to use the Debtor's banks and other financial institutions (collectively, the "Banks") to process, honor, and pay checks or electronic transfers issued by the Debtor and to honor prepetition transfers made by the Debtor in connection with the Prepetition Employee Obligations.

## III. PREPETITION EMPLOYEE OBLIGATIONS

S360 currently has approximately 140 full-time and 0 part-time employees. *Rosenberg Decl.*, ¶ 25. The Debtor has incurred costs and obligations with respect to the Employees that remain unpaid as of the Petition Date because they accrued, either in whole or in part, prior to the Petition Date. *Id.*, ¶

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 2 of 9

26. The Debtor seeks to pay its prepetition obligations to the Employees with respect to those costs and obligations.

A. **Wages, Salaries, and Other Compensation**

S360 pays wages, salaries, and other compensation to its Employees on a semi-monthly basis. *Id.*, ¶ 27. In addition to wages and salaries, S360 employees receive compensation related to client originations. Origination compensation is paid out both monthly and quarterly. *Id.* The monthly payments are based on client originations, with an employee entitled to a monthly payment in an amount equal to 10% of all receipts from a firm client they originated. Such amounts are typically paid in the following calendar month after S360 receives payment from the client. The quarterly payments are paid to office leads two months after each quarter ends. The quarterly payment amount is 10% of quarterly net income minus the balance of accounts receivable over 90 days past due (if any). *Id.*

S360 processes payroll through ADP on the 15th and the last day of every month. The Debtor's aggregate gross payroll for all Employees, including wages, salaries, and origination compensation, is approximately $1,147,000.00 (the "Payroll Obligations"). On November 27, 2023 the Debtor paid all Employees for the pay period of November 16, 2023 through November 30, 2023. *Id.*, ¶ 28. The next payroll date is December 15, 2023 for the pay period of December 1, 2023 through December 15, 2023, with gross payroll in the approximate amount of $850,000.00. *Id.*

It is critical to the continuation of the Debtor's operations, and to the Debtor's smooth transition into chapter 11, that payments to its Employees are made in a timely manner. *Id.*, ¶ 29. As a result of the November 27, 2023 payroll payment to Employees, there should be minimal unpaid prepetition Payroll Obligations but, to the extent that any Payroll Obligations remain for work performed prior to the Petition Date for the pay period ending November 30, 2023, the Debtor seeks authority from this

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 3 of 9

court to pay those obligations in accordance with its ordinary prepetition practices. No Employee is owed more than $15,150 for prepetition wages, salary, or origination compensation. *Id.*

B. **Medical and Welfare Benefits**

The Debtor sponsors benefit plans for the Employees, including medical, dental and vision care through United Healthcare, Delta Dental, and VSP (collectively, the "Benefit Plan Obligations") with an aggregate monthly cost of $158,700.00 as follows:

| Type of Benefit | Provider | Average Monthly Cost |
|---|---|---|
| Medical | United Healthcare | $140,000.00 |
| Dental | Delta Dental | $15,000.00 |
| Vision | VSP | $3,700.00 |

*Id.*, ¶ 30.

S360 pays all costs for medical, dental, and vision benefits for employees, and employees contribute 50% toward coverage for their dependents. On average, S360 pays approximately $158,700.00 each month for medical, dental, and vision insurance for its employees and their dependents. *Id.* S360 also provides life insurance and disability coverage for its employees at an aggregate monthly cost of $1,500.00. *Id.*

C. **401(k) Plan**

The Debtor maintains a 401k plan. The Debtor withholds funds from participating Employees' paychecks and matches employee contributions up to 6% (the "Withholding Contributions"). *Id.*, ¶ 31. Prior to the Petition Date, the participating Employees' Withholding Contributions totaled approximately $99,000.00 per month. *Id.* The Debtor's employer contributions totaled approximately $36,000.00 per month. *Id.*

///

///

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 4 of 9

### D. Reimbursable Business Expenses

In the ordinary course of its business, the Debtor reimburses its Employees for expenses incurred in the scope of their employment, as well as directly reimbursing third-party credit card providers for expenses incurred by Employees (collectively, "Reimbursable Expenses"). *Id.*, ¶ 32. All such expenses are incurred by Employees on behalf of the Debtor in connection with their employment and in reliance upon the Debtor's reimbursement policy. *Id.*

### E. Withheld Amounts Including Taxes

S360 is required by law to withhold from the Employees' wages amounts related to federal income taxes, and Social Security and Medicare taxes (collectively, the "Trust Fund Taxes") and to remit the same to the appropriate taxing authorities (the "Taxing Authorities"). *Id.*, ¶ 33. The Debtor is required to match from its own funds the Social Security and Medicare taxes and pay, based on a percentage of gross payroll, additional amounts of unemployment insurance (collectively, the "Employer Payroll Taxes," and, together with the Trust Fund Taxes, the "Payroll Taxes") and to remit the Payroll Taxes to the Taxing Authorities. *Id.*

The Debtor estimates that, on a monthly basis, it remits $640,000.00 in Trust Funds Taxes and $90,000.00 in Employer Payroll Taxes to the Taxing Authorities. *Id.* In addition to those Payroll Taxes, the Debtor may also withhold additional amounts from Employees' wages pursuant to court orders, other applicable laws, or for other purposes (the "Wage Deductions," and together with the Payroll Taxes, the "Withheld Amounts"). Any Wage Deductions are remitted to third parties in the ordinary course of the Debtor's business operations. *Id.*, ¶ 34.

///

///

///

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 5 of 9

## IV. ARGUMENT AND AUTHORITY

### A. Any Amounts Owed to Employees Enjoy Priority Status Under the Bankruptcy Code

Under Section 507(a)(4) of the Bankruptcy Code, employees are granted a priority claim for: allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—

> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual…

Relatedly, under Section 507(a)(5) of the Bankruptcy Code, employees are granted a priority claim for:

> allowed unsecured claims for contributions to an employee benefit plan—
>
> (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
>
> (B) for each such plan, to the extent of—
>
> (i) the number of employees covered by each such plan multiplied by $15,150; less
>
> (ii) the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

In this case, the amount of prepetition wages, salaries, and benefits owing to any one employee as of the Petition Date does not exceed the sum of $15,150 allowable as a priority claim under Section 507(a)(4) and (5) of the Bankruptcy Code. The Debtor is not seeking authority to pay Employees more than the priority cap of $15,150. As a result, payments authorized pursuant to this motion would not deplete assets otherwise available to other unsecured creditors under a plan.

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 6 of 9

## B. Funds Held in Trust Are Not Available for General Distribution to Creditors

Section 541(d) of the Bankruptcy Code excludes from the estate "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). It is well established law that taxes collected on behalf of taxing authorities are not considered property of the estate. See *Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes, and other withholding taxes are property held by the debtor in trust for the taxing authorities and therefore are not property of the estate). As a result, those funds are not available for distribution to the Debtor's unsecured creditors. In addition, payment of those taxes to the Taxing Authorities will not prejudice other unsecured creditors because the relevant Taxing Authorities would hold priority claims under Section 507(a)(8) of the Bankruptcy Code if those claims were not timely paid.

## C. The Court May Also Authorize Payment of the PrePetition Employee Obligations Pursuant to Section 105(a) of the Bankruptcy Code

S360's proposed payment of Prepetition Employee Obligations should also be authorized pursuant to 11 U.S.C. § 105(a) which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Payment of the Prepetition Employee Obligations is necessary and appropriate under § 105(a), pursuant to the doctrine of necessity, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr.S.D.N.Y. 1989).

The Debtor is aware that in *In re B&W Enterprises*, the Ninth Circuit declined to extend the doctrine of necessity beyond railroad reorganization cases. *In re B&W Enterprises*, 713 F.2d 534 (9th Cir. 1983). But that case is factually distinguishable from this case because *B&W* (a) involved ordinary

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 7 of 9

trade vendors who did not have priority claims; (b) the debtor in that case did not seek prior court approval for the payments; and (c) the debtor was in liquidation, thereby undercutting any arguments based on necessity. *Id.*

Here, the Prepetition Employee Obligations are priority claims, not trade claims, and the Debtor is seeking to reorganize, not liquidate—a very different situation from *B&W*. As the Honorable Teresa H. Pearson noted recently in *In re MacMillan*:

> "There are good reasons under the Bankruptcy Code to treat the payment of prepetition priority employee obligations differently than allegedly critical general unsecured claims. First, the Bankruptcy Code requires the arrangement for payment in full of priority prepetition employee obligations up to the statutory amounts as a condition of plan confirmation. There is no similar requirement for payment of general unsecured claims. Second, parties seeking first day orders to pay priority employee obligations typically seek to pay all similarly situated creditors the same—they propose to pay all employee creditors in full up to the statutory priority amount, rather than picking and choosing among employees. This is distinguishable from critical vendors, who are chosen to receive immediate full payment while other general unsecured creditors must wait and may not receive full payment.

*In re MacMillan*, 652 B.R. 812, 816 (Bankr. D. Or. 2023). That logic applies very well to the instant case.

And even more importantly, the postpetition stability of the Debtor's workforce is integrally tied to the Debtor's ability to continue to honor its Prepetition Employee Obligations. The support and efforts of the Debtor's workforce are critical to the Debtor's successful reorganization. Any delay or interruption in payments to employees may irreparably harm employee morale, dedication, and cooperation, and create a legitimate risk of losing a critical mass of the Debtor's personnel. *Rosenberg Decl.*, ¶ 35.

In addition, for many of the Employees, the payments received from the Debtor are needed to enable the Employees to meet their own financial obligations. As a result, absent an order granting the

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO
PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS,
AND RELATED EXPENSES – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 8 of 9

relief requested in this Motion, the Employees and their families are likely to suffer personal hardship and, in many instances, serious financial difficulties. *Id.*, ¶ 36.

D. **The Debtor's Bank Should Be Authorized to Honor and Pay Checks used and Make Other Transfers to Pay PrePetition Employee Obligations**

The court should also authorize the Debtor's Banks to (a) receive, process, honor, and pay all checks and transfers issued by the Debtor in connection with payment of the claims the Debtor requests authority to pay in this Motion, without regard to whether any check or transfer was issued before or after the Petition Date; and (b) to rely on the representations of the Debtor with respect to whether any check or transfer issued or made by the Debtor before the Petition Date should be honored pursuant to this Motion without Bank liability to any party for relying on such representations.

**CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that the court enter an order (1) authorizing the Debtor to pay the Prepetition Employee Obligations; and (2) authorizing the Banks to process, honor, and pay checks or electronic transfers issued by the Debtor and to honor prepetition transfers made by the Debtor in connection with the foregoing.

DATED this 27th day of November, 2023.

BUSH KORNFELD LLP

By    /s/ Christine M. Tobin-Presser
   Christine M. Tobin-Presser, WSBA #27628
   Thomas A. Buford, WSBA #52969
   Jason Wax, WSBA #41944
*Proposed Attorneys for Debtor-in-Possession*

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, EMPLOYEE BENEFITS, AND RELATED EXPENSES – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 2    Filed 11/27/23    Ent. 11/27/23 18:39:24    Pg. 9 of 9