HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

    Debtor.

No. 23-12303-TWD

DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING

Strategies 360, Inc. ("S360" or the "Debtor"), debtor-in-possession in the above-captioned chapter 11 bankruptcy case, moves the court on an emergency basis for entry of an order granting the following relief (the "Motion"):

- Authorizing, on an interim basis, the Debtor's use of Cash Collateral (defined below) pursuant to the terms of the Interim Budget (defined below) and the Interim Order (1) Authorizing Use of Cash Collateral, (2) Granting Adequate Protection, and (3) Setting Final Hearing (the "Interim Order") submitted with this Motion.

- Granting, on an interim basis, adequate protection of the security interests of KeyBank National Association ("KeyBank") pursuant to the terms of the Interim Order.

- Setting a final hearing (the "Final Hearing") to consider granting the relief requested in this Motion on a final basis.

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 1 of 11

In support of this Motion, the Debtor incorporates the Declarations of Ronald D. Dotzauer and John Rosenberg in Support of First Day Motions (the "Dotzauer Declaration" and the "Rosenberg Declaration," respectively). A proposed form of final order (the "Final Order") will be submitted prior to Final Hearing.

## JURISDICTION, VENUE, AND STATUTORY BASIS

This court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408-09. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory basis for the relief sought in this Motion is 11 U.S.C. §§ 105(a), 361, 362, 363 and 364, as well as Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 4001-3 and 9013-1(d)(2)(E) of the Local Bankruptcy Rules of Procedure for the United States Bankruptcy Court for the Western District of Washington.

## I. SUMMARY

Pursuant to Fed. R. Bankr. P. 4001(b)(1)(B), the Debtor sets forth the following summary of this motion:

1. <u>Entities with interests in Cash Collateral</u>: The Debtor seeks authority to the proceeds of KeyBank's prepetition collateral (the "Cash Collateral"). The Debtor is not aware of any other entities holding or claiming an interest in Cash Collateral.

2. <u>Purposes for the use of Cash Collateral</u>: The use of Cash Collateral will allow the Debtor to pay the operating expenses that will allow it to continue its ordinary course business operations, described below, in order to provide the services that generate additional Cash Collateral for the benefit of its estate and creditors. The continued viability of the Debtor's business will be threatened absent immediate access to Cash Collateral.

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 2

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 2 of 11

3. <u>Material terms of the use of Cash Collateral</u>: The Debtor seeks use of Cash Collateral during the pendency of this Chapter 11 Case in accordance with its proposed Interim Budget and the terms of the Interim Order.

4. <u>Adequate Protection</u>: KeyBank will be adequately protected through (a) its significant equity cushion, (b) a replacement lien in postpetition collateral, (c) monthly interest payments non-default rate, and (d) the Debtor's maintenance of interest on KeyBank's collateral.

## II. FACTUAL BACKGROUND

### A. The Debtor and the Events Leading to Bankruptcy

#### 1. The Debtor's History and Operations

The Debtor is a full-service communications firm with offices in eleven states, the District of Columbia, and British Columbia. *Dotzauer Decl.*, ¶ 3. Through its more than 140 employees, the Debtor is an industry leader in providing communication services to a variety of clients, including strategic communications, crisis communications, and reputation management. *Id.*, ¶ 4. In addition, the Debtor assists clients in research, governmental relations, public affairs, and advocacy in an array of contexts. *Id.*, ¶ 5.

The Debtor was founded by Ronald D. Dotzauer who, for almost 40 years, has led the Debtor to become the largest public relations firm in Washington State. *Id.*, ¶ 6. From its inception as Dotzauer and Associates, the Debtor grew from one office in Seattle to 18 offices throughout the United States and British Columbia. *Id.*, ¶ 7. The Debtor's clients include nonprofit organizations, public agencies, and Fortune 100 companies in a wide range of industries. *Id.*, ¶ 8. The Debtor assists its clients in addressing the most urgent matters facing the Western United States including climate change, water rights, population migration, and technological change. *Id.*, ¶ 9.

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 3 of 11

## 2. The Debtor's Founder

Ron Dotzauer is a sought-after strategist who has been the driving force behind the Debtor since he founded the company. *Id.*, ¶ 10. Dotzauer currently serves as Chief Executive Officer and Chair of the Board of Directors. *Id.*, ¶ 11. Dotzauer is a highly engaged executive and involved in all key decisions of the Debtor including but not limited to finance, operations, and strategic direction. *Id.*, ¶ 12. Likewise, Dotzauer is a key figure in the creation of client strategy, business development, hiring, and expansion. *Id.*, ¶ 13.

Prior to founding the Debtor, Dozatuer served as Naval Corpsman in Vietnam. *Id.*, ¶ 14. Returning home as a combat veteran, he became the youngest elected county official in Washington State. *Id.*, ¶ 15. Over his more than 50 years in politics, Dotzauer have directed successful political campaigns at all levels, including United States senators and Washington state governors. *Id.*, ¶ 16. Dotzauer frequently appears and comment on political and cultural issues for a variety of local and national outlets. In addition to assisting countless organizations in strategic and crisis communications, Dotzauer has served as a key advisor to companies, public agencies, and non-profit organizations in strategic planning and development. *Id.*, ¶ 17-19.

## 3. Events Leading to Chapter 11 Filing

On October 19, 2023, Eric Sorensen ("Sorensen") obtained a judgment in the approximate amount of $6.1M against the Debtor and Dotzauer (the "Sorensen Judgment"). *Id.*, ¶ 20. The Sorensen Judgment is the result of years of litigation by Sorensen against the Debtor and Dotzauer. *Id.*, ¶ 21. Sorensen was previously an employee of and equity holder in the Debtor, and was removed as president of the Debtor in 2018, for cause. *Id.*, ¶ 22-23

As part of the Debtor's termination of its relationship with Sorensen, the Debtor and Dotzauer agreed to pay Sorensen $6 million. *Dotzauer Decl.*, ¶ 24. After a series of payments, agreements,

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 4 of 11

disputes, and litigation, Sorensen filed the complaint that ultimately resulted in the Sorensen Judgment in July, 2023. *Id.*, ¶ 25. Thereafter, Sorensen filed a motion to appoint a receiver over the assets of the Debtor, scheduled for hearing on November 28, 2023. *Id.*, ¶ 26. To avoid the irreparable harm to the Debtor and its creditors that would flow from the appointment of a Receiver, the Debtor filed this case to allow it to restructure the Sorensen Judgment. *Id.*, ¶ 27.

### 4. KeyBank Relationship

In November 2021, the Debtor and KeyBank entered into a line of credit agreement under which KeyBank would advance up to $4.5 million to the Debtor under a line of credit (the "KeyBank Loan"), secured by a lien in the Debtor's receivables. *Dotzauer Decl.*, ¶ 28.

The Debtor maintains operating accounts at KeyBank and, historically, KeyBank swept the Debtor's funds on deposit, applying them to the KeyBank Loan balance. *Id.*, ¶ 29. Through a series of agreements, the Debtor and KeyBank extended the maturity date of the Line until November 1, 2023. *Id.*, ¶ 30.

On October 27, 2023, days after obtaining the Sorensen Judgement, Sorensen emailed KeyBank (i) draft receivership pleadings; and (ii) a statement that he was imminently filing the pleadings. *Dotzauer Decl.*, ¶ 31. On October 31, 2023, KeyBank informed the Debtor that it would not extend maturity of the KeyBank Loan past November 1, 2023. *Id.*, ¶ 32. Until November 1, 2023, the Debtor had always been current in its obligations to KeyBank. *Id.*, ¶ 33.

As reflected in the Budget, the Debtor has the ability to operate its business without further need of advances under the KeyBank Loan line of credit and the Debtor's proposed plan of reorganization will provide for full payment to KeyBank. *Id.*, ¶ 34-35.

///

///

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 5 of 11

**B. Secured Debt**

The Debtor is the borrower on the KeyBank Loan with a balance of approximately $3,665,639.30 as of November 22, 2023. *Rosenberg Decl.*, ¶ 3. The terms of the KeyBank Loan are set forth in various loan documents including the Business Loan Agreement dated March 27, 2023 (the "KeyBank Loan Agreement") and Promissory Note dated November 5, 2021 (the "KeyBank Note"). *Id.*, ¶ 4, Exs. B and C. The KeyBank Note matured on November 1, 2023. *Dotzauer Decl.*, ¶ 30. Pursuant to a Security Agreement dated November 5, 2021 (the "KeyBank Security Agreement"), the Debtor granted KeyBank a blanket security interest in the Debtor's personal property (the "Prepetition Collateral") to secure the KeyBank Loan. *Rosenberg Decl.*, ¶ 5, Ex. D. KeyBank filed a UCC-1 financing statement with respect to the Prepetition Collateral with the Washington Department of Licensing on October 1, 2019, Filing Number 2019-274-7933-1. *Id.*, ¶ 6, Ex. E. The KeyBank Loan is guaranteed by Dotzauer. *Id.*, ¶ 7, Ex. F.

As of November 22, 2023, the Debtor was holding cash in the amount of $2,192,786 and accounts receivable in the amount of $5,277,028, substantially all of which the Debtor believes are collectable. *Id.*, ¶ 8.

**C. Use of Cash Collateral and Adequate Protection**

The Debtor requires the immediate use of the cash proceeds of the Prepetition Collateral (the "Cash Collateral") to continue uninterrupted operations for the benefit of its creditors and its estate, thereby avoiding immediate and irreparable harm to their business pending a final hearing pursuant to Bankruptcy Rule 4001(b)(2). *Rosenberg Decl.*, ¶ 9. The Debtor is unable to obtain unsecured credit to fund its continued operations. *Id.*, ¶ 10. The Debtor seeks to use Cash Collateral in accordance with the budget attached as Exhibit A to the Rosenberg Declaration (the "Budget"). Without use of Cash

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 6 of 11

Collateral, the Debtor will be unable to pay their ongoing operating expenses, including payroll, and will thus be unable to continue ongoing business operations. *Id.*, ¶ 11.

### 1. Adequate Protection Lien

Pursuant to §§ 361 and 363 of the Bankruptcy Code, the Debtor proposes to provide adequate protection of Keybank's interest in the Prepetition Collateral, by granting KeyBank a lien (the "<u>Adequate Protection Lien</u>) in (a) assets of the same kind, type, and nature as the Prepetition Collateral in which KeyBank holds a perfected security interest and which are acquired after the Petition Date (the "<u>Postpetition Collateral</u>"); and (b) all proceeds of the Postpetition Collateral, to secure the amount of any diminution in KeyBank's interest in Prepetition Collateral as a result of the Debtor's use of Cash Collateral.

### 2. Payment of Interest

The Debtor shall pay to KeyBank interest at the non-default rate designated in the KeyBank Note on the interest payment dates set forth in the KeyBank Loan documents.

### 3. Insurance

The Debtor shall continue to maintain insurance on their assets as the same existed as of the Petition Date.

### 4. Superpriority Administrative Expense Claim

Under § 507(b) of the Bankruptcy Code, all obligations subject to the Adequate Protection Lien have priority in payment over all other administrative expenses of the estate other than the Professional Fund (as defined herein), to the extent that the Adequate Protection Liens are insufficient to compensate KeyBank for any diminution in the value of its interests as a result of the Debtor's use of Cash Collateral.

///

///

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 7 of 11

### D. Professional Fund

The Budget provides for a fund (the "Professional Fund") to pay the postpetition, allowed fees/costs of **all** professionals retained in this chapter 11 case, whether by the Debtor or an unsecured creditors committee (the "Committee"), assuming that one will be formed. The purpose of the Professional Fund is to assure that all estate professionals are treated identically. All amounts provided for in the Budget for the Professional Fund shall be in addition to any prepetition retainers paid by the Debtor to its professionals, and shall be deposited into an interest bearing trust account maintained by Bush Kornfeld LLP, the Debtor's proposed general bankruptcy counsel, for pro rata payment of (a) allowed fees and costs to the Debtor's and the Committee's professionals, including any amounts payable pursuant to any other order entered by this court authorizing interim periodic payment of professional fees, subject to final allowance of such fees and costs; and (b) fees owed by the Debtor to the United States Trustee pursuant to 28 U.S.C. § 1930. To the extent the Professional Fund ultimately exceeds all allowed professional fees and costs of the estate, the remaining balance shall remain subject to the first priority security interests of KeyBank and returned to the Debtor for its benefit.

### III. LEGAL DISCUSSION

#### A. Use of Cash Collateral

Section 363(c) of the Bankruptcy Code provides that:

(2) The Trustee may not use, sell or lease cash collateral under paragraph (1) of this subsection unless,

    (A) each entity that has an interest in such cash collateral consents; or

    (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

///

///

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 8 of 11

The Debtor represents that it has insufficient funds to operate unless it uses Cash Collateral, as it holds no unencumbered funds and do not have sources of unencumbered funds, and that the present circumstances require the Debtor to use Cash Collateral in order to maintain its ongoing business for the benefit of its estate and creditors. *Rosenberg Decl.*, ¶ 12. The Debtor has an immediate need to use Cash Collateral to maintain, preserve and protect their assets and have provided for adequate protection of KeyBank's interest in the Cash Collateral, as described above. *Id.*, ¶ 13.

Therefore, the Debtor respectfully requests the Court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith.

**B.** **Adequate Protection**

The purpose of adequate protection under Bankruptcy Code § 363 is to compensate a secured lender solely for the diminution in value of its collateral. *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 689-90 (N.D. Cal. 2007) (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 377, 108 S.Ct. 626 (1988)). Adequate protection payments are not to be used to compensate the creditor for lost interest or to provide lost opportunity costs. *In re Weinstein*, 227 B.R. 284, 296 (9th Cir. BAP 1998) (citing *In re Timbers*). An equity cushion, standing alone, provides adequate protection justifying the restraint of lien enforcement by a bankruptcy court. *In re Mellor*, 734 F.2d 1400, 1401 (9th Cir. 1984). Adequate protection is not meant to be a guarantee that a creditor will be paid in full. Instead, the Court must determine whether the creditor's interests are protected as nearly as possible against the possible risks to that interest. *In re Ernst Home Ctr.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 267 (Bankr.C.D.Cal.1988)).

The combined value of the Debtor's Cash Collateral consisting of cash and accounts receivable as of November 22, 2023 was $7,469,814, as compared to KeyBank's outstanding balance of approximately $3,665,639.30. Thus, KeyBank has in excess of a 100% equity cushion.

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 9 of 11

In addition, as discussed above, in order to adequately protect the interests of KeyBank, the Debtor has agreed to grant KeyBank an Adequate Protection Lien in Postpetition Collateral of the same type in which its prepetition lien attached to the Prepetition Collateral, in the same priority and validity as its prepetition lien, as necessary to secure the diminution, if any, in KeyBank's interests as a result of the Debtor's use of Cash Collateral. To the extent of any diminution in value ultimately due to Cash Collateral use not otherwise protected by the replacement lien granted herein, KeyBank shall retain its rights under section 507(b) of the Bankruptcy Code.

The Debtor has also provided for: (a) payment of note rate interest to KeyBank during the case; (b) financial and other reporting; and (c) maintenance of insurance on KeyBank's Prepetition Collateral. In this regard, the Budget currently projects no deterioration in the working capital collateral held by KeyBank between the Petition Date and the end of the proposed Budget. *Rosenberg Decl.*, ¶ 2, Ex. A. The Budget projects continued, normalized customer levels and payments. *Id.* Thus, the Adequate Protection Lien provides adequate protection of KeyBank's interest in the Prepetition Collateral.

The Debtor has an immediate need to use Cash Collateral to maintain, preserve and protect its assets and has provided terms for adequate protection of the KeyBank's interest in the Cash Collateral. For these reasons, the Debtor respectfully requests that the Court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith.

*[Remainder of page intentionally left blank]*

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 10 of 11

# CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order in the form of the proposed Interim Order submitted herewith, authorizing the Debtor's use of Cash Collateral as set forth herein and approving the proposed adequate protection on an interim basis, and setting a final hearing at such time as the Court may direct.

DATED this 27th day of November, 2023.

BUSH KORNFELD LLP

By   /s/ Thomas A. Buford
   Christine M. Tobin-Presser, WSBA #27628
   Thomas A. Buford, WSBA #52969
   Jason Wax, WSBA #41944
   *Proposed Attorneys for Debtor-in-Possession*

## CERTIFICATION REGARDING GUIDELINES REGARDING CASH COLLATERAL

The undersigned hereby certifies that the [Proposed] Order (1) Authorizing Interim Use of Cash Collateral, (2) Granting Adequate Protection and (3) Setting Final Hearing does not contain any of the provisions set forth in part A of Appendix A to the Local Bankruptcy Rules (Guidelines for Cash Collateral and Financing Stipulations).

DATED this 27th day of November, 2023.

BUSH KORNFELD LLP

By   /s/ Thomas A. Buford
   Christine M. Tobin-Presser, WSBA #27628
   Thomas A. Buford, WSBA #52969
   Jason Wax, WSBA #41944
   *Proposed Attorneys for Debtor-in-Possession*

DEBTOR'S EMERGENCY MOTION FOR
ORDER RE: CASH COLLATERAL – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk16q201xb

Case 23-12303-TWD    Doc 5    Filed 11/27/23    Ent. 11/27/23 18:53:35    Pg. 11 of 11