UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

          Debtor.

No. 23-12303

KEYBANK'S LIMITED OBJECTION TO
THE DEBTOR'S EMERGENCY MOTION
FOR ORDER AUTHORIZING INTERIM
USE OF CASH COLLATERAL

      KeyBank, N.A. ("KeyBank"), a secured creditor in this case, objects to the Debtor's Emergency

Motion for Order (1) Authorizing Interim Use of Cash Collateral, (2) Granting Adequate Protection,

and (3) Setting Final Hearing (the "Motion").    In support of such objection, KeyBank states the

following:

      1.      KeyBank is the Debtor's secured line of credit lender, owed $3,665,639.30 in principal,

plus accrued and accruing contract and default rate interest, attorneys' fees and costs (the "KeyBank

Secured Claim"), as documented in part by a Business Loan Agreement, Promissory Note, Commercial

Security Agreement. Commercial Guaranty, and Uniform Commercial Code financing statement filed

with Washington's Department of Licensing and other documents (collectively, the "KeyBank Loan

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 1

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 1 of 23

Documents"). Copies of the KeyBank Loan Documents are already in the record as exhibits attached to the Declaration of John Rosenberg. Dkt. No. 6.

2.      The KeyBank Secured Claim is secured by first priority valid and perfected security interests in substantially all of the Debtor's personal property (the "Collateral"), including the Debtor's cash collateral (the "Cash Collateral").

3.      On or about October 6, 2023, the Superior Court for the State of Washington at King County entered its "Order Granting Motion for Judgment on the Pleadings or Alternatively Summary Judgment" (the "Sorenson Judgment"). The Sorenson Judgment awards damages in favor of Mr. Eric Sorenson ("Sorenson") and against the Debtor and its Chief Executive Officer, Ronald D. Dotzauer (Dotzauer"), in the amount of $6,153,027.47. A copy of the Sorenson Judgment is referenced in and attached to the Debtor's Statement of Financial Affairs.

4.      As is set forth in the Complaint and further described in the Sorenson Declaration (Dkt. No. 7), Sorenson and Dotzauer were previously co-owners of the Debtor. Dotzauer contends that in 2018, "the Debtor removed Sorenson as president, for cause...and as part of the Debtor's termination of the relationship with Sorenson, the Debtor and Dotzauer agreed pay Sorenson $6.0 million." Id. at ¶¶ 22-25. However, Mr. Dotzauer's declaration does not disclose this $6.0 debt (the largest claim against the Debtor in this Chapter 11), was, on information and belief, entered into so Mr. Dotzauer personally could acquire all of Mr. Sorenson's shares in the Debtor, thus obligating the Debtor to pay for his personal acquisition of Sorenson stock.

5.      KeyBank was unaware of the Debtor's failure to pay the Sorenson claim when it became due and the subsequent Superior Court litigation by Sorenson against the Debtor until after entry of the Sorenson Judgment in October 2023 when Soresnson's counsel forwarded KeyBank a copy of the judgment. The Debtor's failure to notify KeyBank was in violation of the "Notices of Claims and

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 2

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 2 of 23

Litigation" section of its Business Loan Agreement. KeyBank thereafter notified the Debtor it would not be renewing the line of credit loan facility past its November 1, 2023 maturity date. Based on KeyBank's subsequent discussions with Debtor representatives, KeyBank was advised the Debtor and/or Mr. Dotzauer intended to repay or purchase the KeyBank Secured Claim.

6. KeyBank was not consulted by any Debtor representatives concerning a) the Debtor's intent to seek bankruptcy relief; b) any request for a consensual use of KeyBank's cash collateral; c) the terms of the Debtor's proposed order; or d) the payment items to be included in the cash collateral budget itself attached to the Motion as Exhibit A (the "Budget"). As reflected in the Declaration of John Rosenberg, until very recently, the Debtor has always maintained its chief operating account at KeyBank, account number ending in 4654 (the "KeyBank Operating Account"). *See* Rosenberg Declaration, ¶¶ 20-21. It was only after review of the Debtor's bankruptcy pleadings that KeyBank learned the Debtor had opened and maintained a new depository account at Bank of America, account ending in 9722 (the "B of A Account"). Based on KeyBank's further recent investigations of account activity in the KeyBank Operating Account and other Debtor or Debtor affiliate accounts, it appears that the Debtor diverted at least $3.0 million from the KeyBank Operating Account to the B of A Account. In order to adequately protect KeyBank's Cash Collateral, the Debtor should provide a full accounting of how these diverted funds were expended and should be ordered to immediately return them to the KeyBank Operating Account. The Debtor should be further ordered to deposit all other existing and future Cash Collateral in the KeyBank Operating Account and to advance from such Cash Collateral all authorized interim expenses authorized to be paid under this Court's interim cash collateral order. The interim order should also prohibit any Debtor use of Cash Collateral for the purpose of paying any non-Debtor obligations of its

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 3

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 3 of 23

affiliates unless approved by further order of this Court.  *See* Statement of Financial Affairs, No. 25.

7.     The Debtor's submissions suggest this improper Cash Collateral diversion was necessitated by some perceived risk of a "set-off" by KeyBank against operating funds.  In fact, the bank never threatened any such action.  To the contrary, the bank then had, and still has, the biggest stake (after Sorenson) in the success of the Debtor's operations and with that success, repayment of the line of credit loan in full.  As any seasoned bankruptcy secured lender professional will tell you, setoffs and bounced payrolls are never conducive to full bank recoveries.

8.     For that reason, as the maturity date of the line of credit approached, KeyBank contacted the Debtor to remind it that line of credit advances would no longer be available after the maturity date and the bank therefore urged the Debtor to utilize the availability remaining under the line of credit to obtain an advance in a sufficient amount to sustain the operations pending a refinancing.  The Debtor acted on this suggestion but unfortunately the bank's cooperative gesture was unfortunately not reciprocated.  It is regrettable that in addition to moving KeyBank Cash Collateral to another bank, KeyBank has not been afforded the customary courtesy of any consultation regarding the Debtor's proposed cash collateral use prior to the Debtor's filing of the Motion.  KeyBank was also not informed of the November 15, 2023 resignation of its chief financial officer, Mr. Yong Lee, nor informed Mr. Rosenberg (the Debtor's existing comptroller) would be serving as his replacement.

9.     KeyBank is particularly concerned about the fragility of this PR consulting business in a Chapter 11 context.  The Debtor is similar to a law firm, in that its assets mainly consist of receivables and good will generated by its professionals.   Any defection of its key professionals with their own clients could very quickly erode its cash flow and render a large amount of its A/R on the books uncollectible.  The value of A/R could potentially evaporate very quickly here.  There is also the issue

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 4

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 4 of 23

that its customers are in some cases political candidates or other political entities whose credit-worthiness and funding may depend on contributions that may evaporate at any time. For that reason, the face amount of AR and the "equity cushion" the Debtor contends is sufficient—the indubitable equivalence of KeyBank's allowed secured claim—is not comforting on their face without further scrutiny.

10. However, the Debtor's Motion airily assumes there is a bullet proof "equity cushion" in the current level of A/R plus cash on hand. However, Bankruptcy Rule 4001(b)(3) requires that interim cash collateral use be narrowly limited to "of that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." The Debtor's one page Budget does not provide any level of detail within the broad categories of expense. For that reason, KeyBank has requested the following follow-up information to determine if the requested expenditures fall within Rule 4001's requirements and if the proffered "equity cushion" adequate protection is indeed adequate:

- What is the total cash collateral amount the Debtor is asking for authority to spend prior to the final cash collateral hearing to avoid "Immediate and irreparable harm pending the final hearing"?
- Please provide the details on all transfers, deposits and any payments into or out of the Bank of America account
- What are the details of the resignation/termination of Yong Lee?
- Please provide a comparison of the projected revenues and expenses in the BK budget to the last projection provided to Key.
- Please provide a current A/R aging report and A/P aging report.
- What cash if any is proposed to be going to Canadian operations?
- What payments are proposed to Mr. Dotzauer or any other insiders?
- What are the "bonus" amounts in the budget and who are they payable to?
- What is the Jake Global Settlement?
- What is the difference between "offices leases" payments and "rents"?
- Please provide detail on G & A costs
- What are Google/Facebook "Hard Costs"?
- What is the Jago payment?
- What is your total FTE count of professionals today and what is it projected to be at January 2024 month end?

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 5

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 5 of 23

- What are amounts and payees of the pre-petition outstanding checks drawn on Debtor bank accounts?
- Can any Budgeted items be deferred until the final order without "immediate and irreparable harm" to the business?

11. The Debtor's Motion also requests that the Court award a $125,000 carve-out for professionals and that the Court order those professional claims also be superior to even a Section 507(b) claim should KeyBank's adequate protection be found to be inadequate. Such a provision is not proper in an interim order on shortened notice as payment of professionals is not necessary to avoid immediate and irreparable harm. As the Debtor's Statement of Financial Affairs confirms, the Debtor's counsel has already received substantial retainers and eve of bankruptcy payments and there is no prejudice to its differing its demand for a carve out until the final hearing.

12. Notwithstanding the foregoing, KeyBank does not object to the payment of employee wages and benefits, facilities costs and other demonstrably necessary expenditures that cannot be deferred without immediate harm to the Debtor's operations. Attached as Exhibits A and B are marked and clean drafts of a proposed form of order reflecting the terms KeyBank respectfully submits are required for the Debtor's proposed interim Cash Collateral use to fall within the narrow parameters of Bankruptcy Rule 4001(b) and to provide adequate protection of KeyBank's interest in Cash Collateral.

DATED this 30th day of November, 2023.

*/s/Bruce W. Leaverton*
Bruce W. Leaverton, WSBA #15329
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: bleaverton@karrtuttle.com
*Attorneys for KeyBank, N.A.*

LIMITED OBJECTION TO MOTION FOR ORDER (1)
AUTHORIZING USE OF CASH COLLATERAL– Page 6

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 6 of 23

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

Debtor.

No. 23-12303

[PROPOSED] ORDER (1)
AUTHORIZING INTERIM USE OF
CASH COLLATERAL, (2) GRANTING
ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING

THIS MATTER came before the Court on the motion (the "Motion") of Strategies 360, Inc. (the "Debtor"), debtor-in-possession in this case, pursuant to §§ 105, 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-3 and 9013-1(d)(2)(E) of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the "Local Rules"), for the entry of an order authorizing, on an interim basis, the Debtor's use of cash collateral pursuant to a Budget (defined below), authorizing the Debtor to grant, on an interim basis, adequate protection in favor of KeyBank National Association ("KeyBank"). The Court has reviewed the files and records herein, makes the following findings of fact, and reaches the following findings of

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

fact and conclusions of law based on the written submissions of the Debtors and representations made at the hearing on the Motion:

## FINDINGS AND CONCLUSIONS

On an interim basis, the Court makes the following findings of fact and conclusions of law with respect to the relief granted in this Order:

**General Background**

A.     The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code ("Case") on November 27, 2023 (the "Petition Date").  The Debtor retains control over ~~its~~their assets and continue~~s~~ to operate ~~its~~their business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B.     The Debtor sent notice of the hearing on the Motion to~~:~~ KeyBank; the U.S. Trustee; the U.S. Attorney's Office; all of its creditors; and state and federal taxing authorities.  Such notice is adequate and reasonable under the circumstances pursuant to Bankruptcy Rules 4001 and Local Rules 4001-3 and 9013-1(d)(2)(E).

**The Prepetition Credit Agreement**

C.     As of the Petition Date, the Debtor is~~was~~ indebted to KeyBank under a fully matured, past due and owing ~~reducing revolving~~ line of credit with a balance of approximately $3,665,639.30 as of November 22, 2023 (the "KeyBank Loan").

D.     The terms of the KeyBank Loan are set forth in various loan documents, including a Business Loan Agreement dated March 27, 2023 (the "KeyBank Loan Agreement")~~, and~~ Promissory Note dated November 5, 2021 (the "KeyBank Note") and Security Agreement dated November 5, 2021 (the "KeyBank Security Agreement").

E.     The KeyBank Note matured on November 1, 2023.

**Formatted:** No underline

ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 2

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

F.     Pursuant to ~~the a~~ KeyBank Security Agreement ~~dated November 5, 2021 (the "KeyBank Security Agreement")~~, the Debtor granted KeyBank a blanket security interest in the Debtor's personal property (the "Pre-Petition Collateral") to secure the KeyBank Loan.  The Pre-Petition Collateral includes the Debtor's accounts receivable (the "A/R"), cash, ~~and~~ depository accounts and all other cash proceeds of Pre-Petition Collateral (the "~~Pre-Petition~~ Cash Collateral," ~~and together with all the Debtor's existing and future acquired cash collateral, the "Cash Collateral"~~").

G.     KeyBank caused a UCC-1 financing statement to be filed with respect to the Prepetition Collateral with the Washington Department of Licensing on October 1, 2019, Filing Number 2019-274-7933-1.

H.     Pursuant to his Commercial Guaranty dated July 26, 2023, Ronald D. Dotzauer ("Dotzauer"), the Debtor's Chief Executive Officer and 95% majority owner, provided KeyBank with his continuing, absolute and unconditional personal guaranty of the KeyBank Loan and all other existing and future obligations of the Debtor to KeyBank (the "Dotzauer Guaranty").  Since September 30, 2022, Debtors have paid Dotzauer $787,252.43 in wages and other payments, including payments on his personal car and boat.

I.     KeyBank depository account ending in 4654 (the "KeyBank Operating Account") was the Debtor's primary bank account prior to the Petition Date.   Within 30 days of the Petition Date, the Debtor transferred approximately $3.0 million of KeyBank's Pre-Petition Cash Collateral from its KeyBank Operating Account to a Bank of America account ending in 9722 (the "B of A Account").

~~I.     The KeyBank Loan is guaranteed by Ron Dotzauer.~~

~~J.~~   I.     As detailed in the Motion and ~~demonstrated by~~ the budget attached hereto as Exhibit A (the "Interim Budget")~~Budget~~, the Debtor requires the interim use of Cash Collateral to pay certain obligations in order to avoid immediate and irreparable harm to its operations pending the Court's consideration of authorizing further use of cash collateral at a final hearing on the Motion set for 9:00

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 3

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

a.m. December 22, 2023 (the "Final Hearing")~~continue its ongoing operations in the ordinary course~~ ~~of business and to avoid disruption of such operations.~~  The Debtor is unable to obtain unsecured credit or financing, ~~and the Court finds and concludes that Debtor and its estate will suffer immediate and~~ ~~irreparable harm if the relief approved hereby is not granted.~~

J.  ~~This Court concludes that~~ Entry of this Order is in the best interests of the Debtor's creditors and its estate~~, because its implementation, among other things, will allow the Debtors to remain~~ ~~in business by providing the working capital necessary to sustain ongoing working capital requirements~~ ~~and to fund the expenses of this chapter 11 case~~.  Absent the entry of this Order and the Debtor's interim use of Cash Collateral, the Debtor's estate and business operations would risk ~~would be~~ immediate~~ly~~ and irreparabl~~y~~ harm~~ed~~.

K.  Pursuant to §§ 361, 362, 363 and 364 of the Bankruptcy Code, the ~~Debtor has proposed~~ ~~to provide~~ adequate protection provided in this Order for~~of~~ KeyBank's interests in the Cash Collateral ~~on the terms provided for herein~~ and in accordance with the Interim ~~B~~budget are proper ~~attached hereto~~ ~~as Exhibit A (as amended in accordance herewith, the "Budget")~~.

~~L.    As part of the Budget and the Debtor's request to use Cash Collateral, the Debtor~~ ~~proposes to create and fund a professional fund ("Professional Fund") on a postpetition basis to pay the~~ ~~professional fees and costs incurred by the Debtor and the Official Unsecured Creditors Committee~~ ~~("Committee"), if any, as the Court may authorize and allow by subsequent order following notice and~~ ~~hearing.  The Professional Fund would also be used to satisfy fees assessed pursuant to 28 U.S.C. §~~ ~~1930.~~

~~M.    The Debtors propose to deposit all funds budgeted for the Professional Fund with Bush~~ ~~Kornfeld LLP ("Bush Kornfeld"), attorneys for the Debtor, where such funds would be held in trust~~ ~~pending further order of the Court following notice and hearing.  The Debtor believes that the proposed~~

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 4

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

~~Professional Fund is appropriate given the size and nature of these cases and the creation and participation of a Committee in these cases.~~

L~~N~~.  This Court has jurisdiction over these proceedings and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

M~~O~~.  ~~All of T~~the relief granted in this Order ~~proposed by the Debtor~~ with respect to Cash Collateral use, the grant of adequate protection to KeyBank and other provisions are~~is~~ consistent with this Court's Guidelines for Cash Collateral and Financing Stipulations.

N~~P~~.  Based on the record before this Court, including the Interim Budget, the fact that ongoing operations will continue to maximize the value of the Debtor's assets and estate, and the granting of adequate protection as set forth herein, the Court finds that, on an interim basis, the interests of KeyBank are~~is~~ adequately protected, as contemplated by §§ 361, 362, 363 and 364 of the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

# ORDER

Based on the foregoing findings, it is hereby

**ORDERED:**

1.   Motion Granted.  The Motion is granted on an interim basis pursuant to the terms and conditions of this order ~~with respect to the Debtor's proposed use of Cash Collateral, grant of adequate protection to KeyBank~~ (this "Interim Order").

2.   Use of Cash Collateral and DIP Loan.  Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use Cash Collateral (a) solely during the Interim Period (as defined below), (b) to pay the costs and expenses and for the purposes identified in the Interim Budget with respect to the Debtor's business operations, and (c) in amounts not to exceed the aggregate amount of $_____ authorized under the Interim Budget, subject only to the adjustments permitted under Paragraph 3 of this Order, provided that the Debtor shall in no event expend any of its Cash Collateral to pay the obligations of any of its non-debtor affiliates.

3.   Interim Budget.  The Debtor is authorized to use Cash Collateral in accordance with the Interim Budget through the conclusion of the Final Hearing.  The Debtor may exceed the payment amounts contemplated by a line item of the Interim Budget prior to the conclusion of the Final Hearing ~~for a Budget period~~, so long as the Debtor's total payments for the line item for the period do not exceed the budgeted amount by more than ten percent (10%), provided, however, that the Debtor may roll forward any expense in any line item during this interim period to a later time and may pay that expense when due.

4.   ~~Carve-Out.  The Debtors are also authorized to use Cash Collateral to pay the following costs, fees and expenses (collectively, the "Carve-Out"): (a) the unpaid fees due and payable to the Clerk of the Court and (b) contributions to the Professional Fund to the extent authorized under the~~

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 6

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**Formatted:** Underline

**Formatted:** Bullets and Numbering

Budget and use of those funds to pay professional fees incurred by the Debtor and/or the Committee, as authorized by this Court, as may be limited by ¶¶ 8 and 9, below and fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930.

5.4.   Adequate Protection.  As adequate protection for the Debtor's use of Cash Collateral:

a.  The Debtor shall withdraw and return all Cash Collateral on deposit in the B of A Account to the KeyBank Account.  The Debtor shall deposit all Cash Collateral it has received, or in the future receives post-petition into the KeyBank Account and shall disburse all interim payments authorized under this Order only from Cash Collateral on deposit in the KeyBank Account.

b.   The Debtors shall pay to KeyBank interest at the non-default rate designated in the KeyBank Loan DocumentsAgreement and/or KeyBank Note on the payment dates set forth in those documents and shall otherwise perform all its other non-payment obligations to KeyBank.  The Debtor shall also promptly provide such financial and operational information concerning the Debtor's interim use and proposed continuing use of Cash Collateral as KeyBank may reasonably request, including without limitation a full accounting of the Debtor's disposition of funds in the B of A Account.

c.   On or before December 13, 2023, the Debtor shall prepare and file with this Court a proposed budget (the "Final Budget") for the period from  the date of the Final Hearing through March 31, 2024 and shall also file its proposed form of final order (the "Final Order") authorizing use of Cash Collateral.  Prior to their filing, the Debtor shall meet and confer with KeyBank regarding the debtor's proposed Final Budget and Final Order.

b.d.   KeyBank is hereby granted valid, binding, enforceable and perfected replacement liens on and security interests in all Post-Ppetition Collateral. Collateral consisting

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 7

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**Formatted:** Bullets and Numbering

**Formatted:** Underline

**Formatted:** Underline

**Formatted:** Bullets and Numbering

of the Debtor's existing and future acquired personal property assets to the~~in~~ same extent and with the same validity and priority as KeyBank's existing security interests ~~liens~~ in ~~p~~Pre-petition ~~c~~Collateral, to secure an amount equal to the decrease, if any, in the value of KeyBank's interest in Cash Collateral as of the Petition Date. For purposes of this Order, "Post-~~P~~petition Collateral" refers to (1) all post-petition property of Debtor that is of the same type and nature as the Prepetition Collateral. Post-~~P~~petition Collateral does not include avoidance actions or other ~~Debtors' claims for relief arising under the Bankruptcy Code, such as those~~ claims arising under sections 506(c), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

~~c.~~c. The Debtor shall continue to maintain insurance on its assets as the same existed as of the Petition Date.

Formatted: Bullets and Numbering

~~d.~~b. In accordance with ~~S~~section 507(b) of the Bankruptcy Code, if, notwithstanding the foregoing protections, KeyBank shall hold ~~has~~ a claim allowable under section 507(a)(2) of the Bankruptcy Code arising from the stay of action against the Prepetition Collateral from the use, sale, or lease of such collateral, or from the granting of any lien on the collateral and ~~, then~~ KeyBank's Section 507(b) claim shall have priority over every other claim and administrative expense allowable under section 507(a)(2) of the Bankruptcy Code~~., but subordinate to the Carve Out, in any amount equal to the decrease, if any, in the value of KeyBank's interest in the Prepetition Collateral as a result of the Debtors' use of Cash Collateral.~~

Formatted: Bullets and Numbering

~~6.~~5. Evidence of Adequate Protection Liens. This Interim Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Adequate Protection Liens and KeyBank shall not be required to file or serve mortgages, UCC financing statements, notices of lien or similar instruments, or take any other action in order to preserve the priority, perfection, and validity of the Prepetition Credit Agreement Adequate Protection Liens.

Formatted: Bullets and Numbering

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 8

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

~~7.     Professional Fund.  The Professional Fund is approved, with Debtor to fund the amounts consistent with the Budget for that purpose.  The Professional Fund shall be held on deposit and maintained in the trust account of Bush Kornfeld, attorneys for the Debtor, pending further order of the Court following notice and hearing for the *pro rata* benefit of the professionals engaged by the Debtor and the Committee, if any.  To the extent amounts deposited into the Professional Fund exceed the allowed fees and costs of those professionals, such excess funds shall remain subject to the rights of KeyBank.~~

**Formatted:** Bullets and Numbering

~~8.~~ 6.     Final Hearing.  The final hearing on the Motion (the "Final Hearing") is hereby set for 9:00 a.m., December 22, 2023.  No later than Monday, December 4, 2023, the Debtor shall file and serve a notice of the Final Hearing in compliance with Bankruptcy Rule 4001~~.          , at          .~~  Objections shall be due on or before Monday, December 18, 2023 and the Debtor's reply to ~~          .  Any reply~~ shall be due on or before Wednesday, December 20, 2023.~~          .~~

**Formatted:** Bullets and Numbering

/ / /End of Order/ / /

Presented by:

BUSH KORNFELD LLP

By_____
    Christine M. Tobin-Presser, WSBA #27628
    Thomas A. Buford, WSBA #52969
    Jason Wax, WSBA #41944
*Proposed Attorneys for Debtor-in-Possession*

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

                    Debtor.

No. 23-12303

[PROPOSED] ORDER (1)
AUTHORIZING INTERIM USE OF
CASH COLLATERAL, (2) GRANTING
ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING

THIS MATTER came before the Court on the motion (the "Motion") of Strategies 360, Inc. (the

"Debtor"), debtor-in-possession in this case, pursuant to §§ 105, 361, 362, 363 and 364 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-3 and 9013-

1(d)(2)(E) of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the

"Local Rules"), for the entry of an order authorizing, on an interim basis, the Debtor's use of cash

collateral pursuant to a Budget (defined below), authorizing the Debtor to grant, on an interim basis,

adequate protection in favor of KeyBank National Association ("KeyBank"). The Court has reviewed

the files and records herein, makes the following findings of fact, and reaches the following findings of

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

fact and conclusions of law based on the written submissions of the Debtors and representations made at the hearing on the Motion:

## FINDINGS AND CONCLUSIONS

On an interim basis, the Court makes the following findings of fact and conclusions of law with respect to the relief granted in this Order:

### General Background

A.    The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code ("Case") on November 27, 2023 (the "Petition Date").  The Debtor retains control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B.    The Debtor sent notice of the hearing on the Motion to KeyBank; the U.S. Trustee; the U.S. Attorney's Office; all of its creditors; and state and federal taxing authorities.  Such notice is adequate and reasonable under the circumstances pursuant to Bankruptcy Rules 4001 and Local Rules 4001-3 and 9013-1(d)(2)(E).

### The Prepetition Credit Agreement

C.    As of the Petition Date, the Debtor is indebted to KeyBank under a fully matured, past due and owing line of credit with a balance of approximately $3,665,639.30 as of November 22, 2023 (the "KeyBank Loan").

D.    The terms of the KeyBank Loan are set forth in various loan documents, including a Business Loan Agreement dated March 27, 2023 (the "KeyBank Loan Agreement"), Promissory Note dated November 5, 2021 (the "KeyBank Note") and Security Agreement dated November 5, 2021 (the "KeyBank Security Agreement").

E.    The KeyBank Note matured on November 1, 2023.

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 2

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

F. Pursuant to the KeyBank Security Agreement, the Debtor granted KeyBank a blanket security interest in the Debtor's personal property (the "Pre-Petition Collateral") to secure the KeyBank Loan. The Pre-Petition Collateral includes the Debtor's accounts receivable (the "A/R"), cash, depository accounts and all other cash proceeds of Pre-Petition Collateral (the "Pre-Petition Cash Collateral," and together with all the Debtor's existing and future acquired cash collateral, the "Cash Collateral").

G. KeyBank caused a UCC-1 financing statement to be filed with respect to the Prepetition Collateral with the Washington Department of Licensing on October 1, 2019, Filing Number 2019-274-7933-1.

H. Pursuant to his Commercial Guaranty dated July 26, 2023, Ronald D. Dotzauer ("Dotzauer"), the Debtor's Chief Executive Officer and 95% majority owner, provided KeyBank with his continuing, absolute and unconditional personal guaranty of the KeyBank Loan and all other existing and future obligations of the Debtor to KeyBank (the "Dotzauer Guaranty"). Since September 30, 2022, Debtors have paid Dotzauer $787,252.43 in wages and other payments, including payments on his personal car and boat.

I. KeyBank depository account ending in 4654 (the "KeyBank Operating Account") was the Debtor's primary bank account prior to the Petition Date. Within 30 days of the Petition Date, the Debtor transferred approximately $3.0 million of KeyBank's Pre-Petition Cash Collateral from its KeyBank Operating Account to a Bank of America account ending in 9722 (the "B of A Account").

I. .

JI. As detailed in the Motion and the budget attached hereto as Exhibit A (the "Interim Budget"), the Debtor requires the interim use of Cash Collateral to pay certain obligations in order to avoid immediate and irreparable harm to its operations pending the Court's consideration of authorizing

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

Case 23-12303-TWD    Doc 27    Filed 11/30/23    Ent. 11/30/23 11:07:02    Pg. 18 of 23

further use of cash collateral at a final hearing on the Motion set for 9:00 a.m. December 22, 2023 (the "Final Hearing"). The Debtor is unable to obtain unsecured credit or financing.

J. Entry of this Order is in the best interests of the Debtor's creditors and its estate. Absent the entry of this Order and the Debtor's interim use of Cash Collateral, the Debtor's estate and business operations would risk immediate and irreparable harm.

K. Pursuant to §§ 361, 362, 363 and 364 of the Bankruptcy Code, the adequate protection provided in this Order for KeyBank's interests in the Cash Collateral and in accordance with the Interim Budget are proper.

L. This Court has jurisdiction over these proceedings and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

M. The relief granted in this Order with respect to Cash Collateral use, the grant of adequate protection to KeyBank and other provisions are consistent with this Court's Guidelines for Cash Collateral and Financing Stipulations.

N. Based on the record before this Court, including the Interim Budget, the fact that ongoing operations will continue to maximize the value of the Debtor's assets and estate, and the granting of adequate protection as set forth herein, the Court finds that, on an interim basis, the interests of KeyBank are adequately protected, as contemplated by §§ 361, 362, 363 and 364 of the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 4

gk24gv01dc

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## ORDER

Based on the foregoing findings, it is hereby

**ORDERED:**

1.    <u>Motion Granted</u>. The Motion is granted on an interim basis pursuant to the terms and conditions of this order (this "<u>Interim Order</u>").

2.    <u>Use of Cash Collateral and DIP Loan</u>. Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use Cash Collateral (a) solely during the Interim Period (as defined below), (b) to pay the costs and expenses and for the purposes identified in the Interim Budget with respect to the Debtor's business operations, and (c) in amounts not to exceed the aggregate amount of $_____ authorized under the Interim Budget, subject only to the adjustments permitted under Paragraph 3 of this Order, provided that the Debtor shall in no event expend any of its Cash Collateral to pay the obligations of any of its non-debtor affiliates.

3.    <u>Interim Budget</u>. The Debtor is authorized to use Cash Collateral in accordance with the Interim Budget through the conclusion of the Final Hearing. The Debtor may exceed the payment amounts contemplated by a line item of the Interim Budget prior to the conclusion of the Final Hearing, so long as the Debtor's total payments for the line item for the period do not exceed the budgeted amount by more than ten percent (10%), provided, however, that the Debtor may roll forward any expense in any line item during this interim period to a later time and may pay that expense when due.

4.    <u>Adequate Protection</u>. As adequate protection for the Debtor's use of Cash Collateral:

a.    The Debtor shall withdraw and return all Cash Collateral on deposit in the B of A Account to the KeyBank Account. The Debtor shall deposit all Cash Collateral it has received, or in the future receives post-petition into the KeyBank Account and shall disburse all interim

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

payments authorized under this Order only from Cash Collateral on deposit in the KeyBank Account.

b.     The Debtor shall pay to KeyBank interest at the non-default rate designated in the KeyBank Loan Documents on the payment dates set forth in those documents and shall otherwise perform all its other non-payment obligations to KeyBank. The Debtor shall also promptly provide such financial and operational information concerning the Debtor's interim use and proposed continuing use of Cash Collateral as KeyBank may reasonably request, including without limitation a full accounting of the Debtor's disposition of funds in the B of A Account.

c.     On or before December 13, 2023, the Debtor shall prepare and file with this Court a proposed budget (the "Final Budget") for the period from the date of the Final Hearing through March 31, 2024 and shall also file its proposed form of final order (the "Final Order") authorizing use of Cash Collateral, Prior to their filing, the Debtor shall meet and confer with KeyBank regarding the debtor's proposed Final Budget and Final Order.

d.     KeyBank is hereby granted valid, binding, enforceable and perfected replacement liens on and security interests in all Post-Petition Collateral consisting of the Debtor's existing and future acquired personal property assets to the same extent and with the same validity and priority as KeyBank's existing security interests in pre-petition collateral, to secure an amount equal to the decrease, if any, in the value of KeyBank's interest in Cash Collateral as of the Petition Date. For purposes of this Order, "Post-Petition Collateral" refers to (1) all post-petition property of Debtor that is of the same type and nature as the Prepetition Collateral. Post-Petition Collateral does not include avoidance actions or other claims arising under sections 506(c), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

e.     The Debtor shall continue to maintain insurance on its assets as the same existed as of the Petition Date.

b.     In accordance with Section 507(b) of the Bankruptcy Code, if, notwithstanding the foregoing protections, KeyBank shall hold a claim allowable under section 507(a)(2) of the Bankruptcy Code arising from the stay of action against the Prepetition Collateral from the use, sale, or lease of such collateral, or from the granting of any lien on the collateral and KeyBank's Section 507(b) claim shall have priority over every other claim and administrative expense allowable under section 507(a)(2) of the Bankruptcy Code..

5.     <u>Evidence of Adequate Protection Liens</u>.  This Interim Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Adequate Protection Liens and KeyBank shall not be required to file or serve mortgages, UCC financing statements, notices of lien or similar instruments, or take any other action in order to preserve the priority, perfection, and validity of the Prepetition Credit Agreement Adequate Protection Liens.

6.     <u>Final Hearing</u>.  The final hearing on the Motion (the "<u>Final Hearing</u>") is hereby set for 9:00 a.m., December 22, 2023.  No later than Monday, December 4, 2023, the Debtor shall file and serve a notice of the Final Hearing in compliance with Bankruptcy Rule 4001.  Objections shall be due on or before Monday, December 18, 2023 and the Debtor's reply to shall be due on or before Wednesday, December 20, 2023..

/ / /End of Order/ / /

Presented by:

BUSH KORNFELD LLP

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc

By_____
    Christine M. Tobin-Presser, WSBA #27628
    Thomas A. Buford, WSBA #52969
    Jason Wax, WSBA #41944
*Proposed Attorneys for Debtor-in-Possession*

ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gk24gv01dc