UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>STRATEGIES 360, INC.,<br><br>           Debtor. | Chapter 11<br><br>No. 23-12303-TWD<br><br>DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM PAYMENT OF FEES AND COSTS TO PROFESSIONALS |

Strategies 360, Inc. ("S360" or the "Debtor"), debtor-in-possession in the above-captioned chapter 11 bankruptcy case, moves the court for entry of an order establishing procedures for interim payment of fees and costs to professionals whose retention by the Debtor and the Committee of Unsecured Creditors (the "Committee"), if one is appointed, has been approved by the court (individually, "Professional" and collectively, "Professionals") (the "Motion"). This Motion is based on the files and records in this case and is supported by the accompanying Declaration of Thomas Buford (the "Buford Declaration").

**JURISDICTION, VENUE, AND STATUTORY BASIS**

This court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408-09. This is a core proceeding pursuant to

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 1 of 6

28 U.S.C. §§ 157(b)(2). The statutory basis for the relief sought in this Motion is 11 U.S.C. §§ 105(a), 330, and 331, as well as Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-1.

## I. BACKGROUND

S360 commenced its Chapter 11 case on November 27, 2023 (the "Petition Date") and is operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108. S360 is a public affairs, communications, and research firm with approximately 140 employees operating out of 18 offices in 11 states throughout the western United States, the District of Columbia, and British Columbia. *Dotzauer Decl.*, ¶¶ 3-5. A detailed discussion of the Debtor's business operations and events leading up to the filing of this chapter 11 case is set forth in the Dotzauer Declaration [Docket No. 7].

## II. RELIEF REQUESTED

The Debtor respectfully requests entry of an order pursuant to 11 U.S.C. §§ 105(a), 330, and 331, as well as Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-1, establishing procedures for the interim payments of fees and costs to professionals retained by the Debtor or any committee appointed pursuant to 11 U.S.C. § 1102 and approved by the court.

## III. ARGUMENT AND AUTHORITY

This is a complex case with many moving parts, a large number of leases, and active secured and unsecured creditors. As a result, Bush Kornfeld anticipates that the Professionals will devote substantial amounts of time and energy to this bankruptcy case and incur, collectively, a substantial amount of fees and costs each month, consistent with the cash collateral budget. Bush Kornfeld further anticipates that the Professionals will forgo other work that would pay on a monthly basis. The Professionals generally depend on monthly cash flow to pay ongoing salaries and expenses.

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 2 of 6

Accordingly, the Debtor brings this motion on behalf of all Professionals so that they will not have to wait for a protracted period of time to receive any partial payment for their services.

A. **Proposed Payment Procedures**

The Debtor requests that Professionals be authorized to obtain, on a monthly basis, reimbursement for their costs and payment of eighty percent (80%) of their fees as described in the declarations submitted in support of the professionals' applications for employment (the "*Employment Applications*"). Each Professional would be authorized to receive reimbursement for all its costs and payment for eighty percent (80%) of its fees ten (10) days after sending a billing statement to the (a) Debtor; (b) the office of the U.S. Trustee; (c) the holders of the twenty (20) largest unsecured claims—until appointment of a Committee—and then to counsel for the Committee or, if one has not been employed, the members of the Committee; and (d) counsel who have requested electronic notice (collectively, "Notified Parties"). If a Notified Party objects, the Professional would be authorized to seek an order approving payment of its fees and costs on ten (10) days' notice to the Notified Parties. The Professionals will submit a fee application to the Court for hearing not more often than every one hundred twenty (120) days.

B. **Analysis**

In *United States Trustee v. Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988), the Ninth Circuit Bankruptcy Appellate Panel held that it is appropriate to approve a fee payment and application procedure that permits periodic post-petition payments where the following four conditions are met:

1. The case is an unusually large one where an exceptionally large amount of fees accrues each month;

2. An undue hardship would be placed on the professional if he or she were forced to wait an extended period of time for payment;

3. The professional has the ability to respond to any reassessment; and

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 3 of 6

4. The payment procedure is the subject of a noticed hearing prior to any payment under the procedure.

*Id.* at 672.

Courts in the Ninth Circuit have since recognized that the establishment of *Knudsen* interim payment procedures may often be necessary today, whereas this was not the case when the Bankruptcy Code was enacted in 1978. As one court explained:

> The provision for hearings every 120 days was intended to – and did – put bankruptcy counsel on essentially the same payment schedule as other lawyers. In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket for the lawyers of the '90s. Thus, even payments every 120 days no longer compensate bankruptcy attorneys on a fully equivalent basis with their non-bankruptcy colleagues.

*In re Commercial Consortium of California*, 135 B.R. 120, 123-124 (Bankr.C.D.Cal. 1991). Here, the establishment of the proposed interim payment procedures will ensure that the Professionals will not have to wait for quarterly payments and that all Professionals will be treated equally.

Since *Knudsen*, courts in the Ninth Circuit have, in large and complex cases, allowed professionals to be compensated on an interim basis provided that fees and costs are subject to final review and a hearing. For example, in *In re County of Orange*, 179 B.R. 195, 198-99 (Bankr.C.D.Cal. 1995), interim payment procedures similar to those in *Knudsen* were implemented in a Chapter 9 setting, whereby certain committee and subcommittee professionals would be paid more frequently than every 120 days. See also, *In re Home Express, Inc.*, 213 B.R. 162 (Bankr.N.D.Cal. 1997) (court approved payment procedure whereby chapter 11 professionals were paid fees on a monthly basis by the debtor-in-possession, assuming the fees were acceptable); *In re Lotus Properties, LP*, 200 B.R. 288, 398

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 4 of 6

(Bankr.C.D.Cal. 1996) (finding that the message behind *Knudsen* and the intent of the U.S. Trustee Guidelines were satisfied by allowing counsel to utilize the proposed fee statement procedure during the initial postpetition period); and *In re Commercial Consortium of California*, 135 B.R. 120 (Bankr.C.D.Cal. 1991) (interim Chapter 7 trustee fees appropriate where funds are available and closing is not imminent).

The procedures proposed in this Motion meet each of the *Knudsen* requirements. First, as described above, this is a large case that will require substantial work by the Professionals employed by the Debtor and the Committee, if one is appointed. Professionals' fees and costs, including fees and costs that will be incurred by any Committee counsel, have been taken into account and incorporated into the Debtor's cash collateral budget.

Second, forcing the Professionals to wait a prolonged period of time for payment would work an undue hardship on them. While the hardship may vary with respect to each Professional, it would be appropriate to treat all Professionals in an equal manner, including those employed by a Committee. Due to the size of this case, the Professionals will likely be required to devote substantial time and energy to the case and forgo other work that would pay on a monthly basis.

Third, the Professionals have the ability to respond to a potential reassessment by the court. In *Knudsen*, the BAP held that "[i]f the funds are recoverable and if adequate opportunity for review of detailed fee requests is provided, the court's control over the funds is not diminished." Here, the Professionals' submission of monthly reports and fee applications for hearing by the court not less frequently than every one hundred twenty (120) days would provide adequate opportunity to review.

Fourth, this Motion and the payment and noticing procedures it proposes to establish are the subject of a noticed hearing.

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 5 of 6

# CONCLUSION

The proposed interim fee procedures comply with the *Knudsen* requirements and are reasonable and appropriate. Based on the foregoing, the Debtor respectfully requests that the court enter an order authorizing monthly reimbursement of costs and payment of fees to Professionals are described in this Motion.

DATED this 15th day of December, 2023.

BUSH KORNFELD LLP

By /s/ *Jason Wax*
Christine M. Tobin-Presser, WSBA #27628
Thomas A. Buford, WSBA #52969
Jason Wax, WSBA #41944

*Proposed Attorneys for Debtor-in-Possession*

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 55    Filed 12/15/23    Ent. 12/15/23 13:04:12    Pg. 6 of 6