HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

Debtor.

No. 23-12303-TWD

MOTION FOR ORDER REQUIRING RECONSTITUTION OF UNSECURED CREDITORS COMMITTEE

Strategies 360, Inc. (the "Debtor"), debtor-in-possession herein, moves the Court for an order requiring the reconstitution of the Unsecured Creditors Committee (the "Committee") appointed by the United States Trustee (the "UST"). This motion is based upon the files and records herein and the accompanying declarations of Ron Dotzauer, Christine M. Tobin-Presser, Josh Rataezyk and Thomas Buford.

### I.　　FACTS

1.　　The above captioned bankruptcy case (the "Bankruptcy") was filed on November 27, 2023 (the "Petition Date").

2.　　The catalyst for the Debtor's bankruptcy filing was the entry of a $6.1 million judgment in favor of Eric Sorenson ("Sorenson") and against the Debtor and the Debtor's founder, Ron Dotzauer,[1] on October 19, 2023 and Sorenson's immediate pursuit of the appointment of a

---

[1] Sorenson has claimed, including at a hearing before the Bankruptcy Court on December 1, 2023, that he co-founded the Debtor. That is not true. Strategies 360, Inc. was formed in April 1985 by Ron Dotzauer alone at which time the company was named Ron Dotzauer & Associates, Inc. Dotzauer, Decl.; Tobin-Presser

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

receiver to liquidate the company. Sorenson was removed from his position as president of the Debtor in 2018 for cause and the judgment is based upon the Debtor's failure to fully satisfy the agreed upon payments relating to Sorenson's prior ownership interest in the Debtor, which Dotzauer had given to Sorenson. *Id.*

3. The Debtor's Bankruptcy Schedule F reflects the following unsecured creditors:

| Scheduled Creditor | Amount |
|---|---:|
| Aaryn Ehlers | $5,145 |
| Arizona News Service | $4,851 |
| Barbara Haugen | $2,125 |
| Basis Global Technologies | $65,189 |
| Brave the Woods | $3,000 |
| Brave the Woods | $5,800 |
| Christopher J. Posey | $13,286 |
| Crash Eleven Productions | $1,600 |
| EDJE Consulting | $3,000 |
| ERP Buddies, Inc. | $1,200 |
| Eidolon | $78,473 |
| ESP | $6,435 |
| Facebook | $133,075 |
| Google | $87,568 |
| Hooligan | $8,300 |
| In the Bag Promotions | $67,868 |
| Jago Inc. | $310,460 |
| KGS Research (Revolution Capital) | $37,128 |
| KnowBe4 | $3,387 |
| Kratz Consulting LLC | $1,281 |
| Live Strategies Group | $142,650 |
| Map Retirement USA LLC | $300 |
| Mary's Rose Video Mktg | $6,622 |
| MOI-DC | $17,713 |
| Nextmark, Inc. | $675 |

Decl., Ex. A. In 1990, the name of the company was changed to Northwest Strategies, Inc. Tobin-Presser Decl., Ex. B. Sorenson worked for the Debtor intermittently as an employee during the 1990's and the early 2000's. Dotzauer Decl. In 2004, the Debtor's name was changed to Strategies 360, Inc. Tobin-Presser Decl., Ex. C. Prior to the name change, Dotzauer had given Sorenson 49% of Dotzauer's shares in the Debtor. Dotzauer Decl.

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 2 of 10

| Scheduled Creditor | Amount |
|---|---:|
| Olympia Consulting Inc. | $2,500 |
| Pacific Printing | $288 |
| Pride Electric Inc. | $2,304 |
| RubinBrown LLP | $13,000 |
| Sago (Schlesinger Group) | $6,338 |
| Shan Tsutsui | $4,000 |
| Smith Bunday Berman | $13,100 |
| Strategic Research Assoc | $22,585 |
| Team Labs, Inc. | $7,002 |
| Teledata Technologies | $1,464 |
| Tempest Technologies LLC | $11,692 |
| The Knowledge Mill, LLC | $11,748 |
| Treasure Valley Litho | $11,254 |
| Trout Jousters, LLC | $4,800 |
| Waldron Strategies Inc. | $3,500 |
| TOTAL | $1,109,420.00 |

*See* Docket No. 1 at Schedule F and Docket No. 61.

4. The above primarily consists of claims of the Debtor's trade creditors.

5. Schedule F also includes (a) a claim in the amount of $13,286 in favor of Jake Posey, Committee member, for payments owed as of the Petition Date pursuant to an executory contract with the Debtor and (b) the disputed, unliquidated claim of Jennifer and Anthony Trujillo against whom the Debtor, in turn, asserts substantial breach of contract claims (*See* Docket No. 1 at Schedule B.74).

6. Finally, the Debtor's Schedule F reflects the unsecured Sorenson judgment in the amount of $6,163,769 as of the Petition Date (the "Sorenson Judgment Claim").

7. This is the universe of the Debtor's unsecured claims identified at this time.

8. Prior to the hearing on this matter, the Debtor will have filed a plan of reorganization that provides for the Debtor's continued business operations under current ownership and further proposes 100% payment of all claims.

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 3

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 3 of 10

9. The Debtor's plan will provide for assumption of Posey's contract, including full cure payment as required by Bankruptcy Code § 365.

10. Payment of the Sorenson Judgment Claim will necessarily be upon a different timeline than the remainder of the Debtor's creditors.

11. On December 13, 2023, the UST filed its Appointment of Unsecured Creditors Committee identifying a committee of two members, Sorenson as chair, and Posey as the second member. Docket No. 52.

12. Because the Committee as constituted does not contain a trade creditor representative and, as described below, Sorenson is not only a competitor but has expressed that his intention and goal in the bankruptcy is to take over the Debtor, the Debtor requested that the UST reconstitute the Committee. Buford Decl., Ex. A.

13. The UST indicated that it was amenable to including trade creditors on the Committee but that none had responded to its solicitation and that it had no reason to believe that Sorenson was ineligible to serve on the committee. *Id.*

### Sorenson's Formation of Direct Competitor Global Connex, Inc.

14. In 2020, after having been terminated from the Debtor, Sorenson founded Global Connex, Inc., of which Sorenson is the CEO. Tobin-Presser Decl., Ex. D.

15. Global Connex identifies its services as providing "integrated strategic guidance and tactical execution" in the following areas: brand and market entry strategy, business strategy and planning, marketing strategy and implementation, operations, sales and distribution, access to investment capital, federal government relations, state government relations, public affairs, reputation management, corporate social responsibility and legal, regulatory and compliance. *Id.*

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 4 of 10

16. The services identified on the Global Connex website are identical and/or substantially similar to the services offered by Strategies 360, whose website also identifies its services as including brand and creative strategy, marketing and advertising, federal government relations, state government relations, public affairs and reputation management, among many other services. Dotzauer Decl.; Tobin-Presser Declaration, Ex. E.

17. The only individual identified on the Global Connex website is Eric Sorenson yet the website states: "[w]e have decades of experience managing big transitions for mid-sized, small, and startup companies, particularly those who want to lead markets with sustainable, equitable, and profitable business practices." Tobin-Presser Decl., Ex. D. Sorenson's management of transitions for mid-sized small and startup companies was undertaken largely through the Debtor. Dotzauer Decl.

18. At least one of the six companies identified as representative clients on the Global Connex website, Voith, is actually a client of the Debtor. Dotzauer Decl. Voith was a client of the Debtor during Sorenson's tenure and continues to be a client. *Id.* Sorenson had no involvement in the relationship. *Id.*

### **Sorenson's Repeatedly Stated Goal is to Take Over the Debtor**

19. On June 24, 2023, Sorenson made clear that if the Debtor did not immediately begin making bi-monthly payments to him of approximately $1 million each, his desire was to take over the company:

> But now here we stand. If you can't figure out a way to pay the $6.1M you owe me, you will have only two options, and neither of them is good. **In receivership or bankruptcy, I will have the right to take over the firm. And there's really no other way to put it, you will lose everything: the company, your financial assets and security, your reputation, and your legacy.**

Rataezyk Decl., Ex. A (emphasis added).

MOTION FOR ORDER REQUIRING RECONSTITUTION OF UNSECURED CREDITORS COMMITTEE– Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 5 of 10

20. On July 27, 2023, Sorenson's litigation counsel reiterated that absent near-immediate payment of $6.1 million, Sorenson's plan was to take over the Debtor:

> Absent an immediate payoff, or a credible plan to pay off within the next few months, Mr. Dotzauer has left our client with no choice but to proceed to file the litigation, seek a judgment **and eventually pursue a takeover of S360**. As we've noted in the past, he has an investment group that is comfortable doing this **through receivership or bankruptcy**. He has a strong board, capital, and a recap plan (attached).

Rataezyk Decl., Ex. B (emphasis added).

21. Approximately one month ago, Sorenson filed a motion with the King County Superior Court seeking the appointment of a receiver to sell the Debtor's stock or assets, notwithstanding that this would have almost certainly been disastrous for both employees and creditors of the Debtor. Tobin-Presser Decl., Ex. F.

22. On December 8, 2023, one week ago and less than two weeks after this Chapter 11 case was filed, Sorenson's counsel confirmed to Debtor's counsel that Sorenson's goal is to acquire the Debtor's business, notwithstanding that the business is not for sale. This goal was reiterated by a corresponding request for expansive information requests clearly designed to further Sorenson's pursuit of ownership. Buford Decl., Ex. B.

23. Based upon the above, it reasonable to believe that Sorenson has sought a place on the Committee, not to ensure the best result for the Debtor and its creditors through the Chapter 11 plan process, but to ensure that Sorenson can use his position to obtain information and attempt to influence an outcome that will serve his own goal of taking control of the Debtor.

## II. LEGAL ANALYSIS

The Debtor requests that the Court order the UST to change the membership of the Committee to ensure adequate representation of creditors pursuant to Bankruptcy Code § 1102(a)(4).

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 6 of 10

A. **The Committee Should Include at Least One Trade Creditor.**

As an initial matter, Committee membership should be changed in order to ensure that the interests of the trade creditors that will benefit not only from prompt repayment, but also from the continued operations of the Debtor with which they can enjoy a future relationship, are adequately represented.

Courts have considered the following factors in determining adequacy of representation: (1) ability of the committee to function; (2) the nature of the case; (3) the standing and desires of the various constituencies; (4) the ability of creditors to participate in the case and to potentially recover expenses pursuant to § 503(b); (5) the delay occasioned by granting the motion; (6) the tasks that a committee is to perform; and other factors relevant to adequate representation. *In re Roman Catholic Church of the Archdiocese of New Orleans*, 2021 WL 454220 (Bankr. E.D. La. 2021) citing *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006).

This bankruptcy case is not complicated. The Debtor's intent is to confirm a plan restructuring the Sorenson Judgment in a fair and equitable manner and to emerge as quickly as possible from its Chapter 11 with continued operations, ensuring full payment of all claims. As noted above, the Debtor's plan will be on file by the time of the hearing on this motion and it will be the Committee's job to evaluate the terms thereof on behalf of unsecured creditors to ensure a maximum recovery. The Debtor's plan proposes to pay all unsecured creditors in full, with interest. The plan properly classifies the Sorensen Judgment Claim separately from other general unsecured creditors and provides for a longer repayment period, given its size. Similarly, unlike other general secured creditors, Posey's claim will be required to be paid in full on or immediately after the plan's effective date in connection with the assumption of his contract. Should the views of Sorenson and Posey diverge, the current makeup of the Committee would result in a deadlock. More importantly, there is

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 7 of 10

no Committee member to evaluate the treatment of the Debtor's ongoing trade creditors, who will be in a class together.

Absent the addition of a trade creditor, the Committee cannot adequately represent the Debtor's creditors.

**B.     Sorenson Must be Removed from the Committee.**

The facts dictate that Sorenson be removed from the committee. Sorenson cannot be permitted to use the influence and legitimacy afforded him as a committee member to assist him in pursuing an alternate plan centered on his own takeover of the Debtor. Even outside of the committee context courts have consistently expressed concern that a creditor seeking the Debtor's demise for its own benefit is not attempting to protect a proper interest but is instead attempting to gain a benefit to which it is not entitled. *See In re Fagerdala USA-Lompoc, Inc.,* 891 F.3d 848, 856-57 (9th Cir. 2018) citing *In re Figter Ltd.*, 118 F.3d 635, 638 (9th Cir. 1997). Sorenson's stated motivation is not repayment but rather, to acquire the Debtor's business for himself.

The activities permitted to be undertaken by the Committee relying on the fiduciary nature of the relationship include "investigat[ing] the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business" in connection with the case or the formulation of a plan. Bankruptcy Code § 1103(c)(2). Prior to being appointed to the Committee, Sorenson was already attempting to obtain this type of information in furtherance of his own takeover plan, demanding detailed per-employee compensation and confidential information regarding all financing and sale opportunities of the Debtor since 2018, which are irrelevant to the operating plan being proposed by the Debtor. Buford Decl., Ex. B. The fact that Sorenson has shown his hand so plainly directly prior to Committee formation forecloses any

MOTION FOR ORDER REQUIRING RECONSTITUTION OF
UNSECURED CREDITORS COMMITTEE– Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 8 of 10

suggestion that he can separate his personal desires from the good of the unsecured creditor constituency.

A creditor holding a conflict that causes the appearance of a breach of fiduciary duty should be removed from its role as a committee member. *In re Venturelink Holdings, Inc.*, 209 B.R. 420, 423 (Bankr. N.D. Tex. 2003). As in *Venturelink*, Sorenson's competition with the Debtor and his master plan for a forced liquidation and takeover of the Debtor move the relationship beyond that of a typical creditor-debtor dispute. These underlying circumstances make clear that Sorenson is unable to act as a fiduciary to those creditors that would likely be harmed should he succeed in his goal.

### III. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court order the reconstitution of the Committee to remove Sorenson and to include at least one trade creditor.

DATED this 18th day of December, 2023.

BUSH KORNFELD LLP

By /s/ Christine M. Tobin-Presser
Christine M. Tobin-Presser, WSBA #27628
Thomas A. Buford, WSBA #52969
Jason Wax, WSBA #41944
Proposed Attorneys for Strategies 360, Inc.

MOTION FOR ORDER REQUIRING RECONSTITUTION OF UNSECURED CREDITORS COMMITTEE– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14m801hn

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 9 of 10

HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

  Debtor.

No. 23-12303-TWD

[PROPOSED] ORDER REQUIRING RECONSTITUTION OF UNSECURED CREDITORS COMMITTEE

This matter came before the Court upon the Motion for Order Requiring Reconstitution of Unsecured Creditors Committee (the "Motion"). The Court has reviewed the files and records herein and finds that cause exists for the requested relief. Now, therefore, it is hereby ordered that:

1. Sorensen shall be removed from the Committee; and

2. The Committee shall include at least one trade creditor.

//End of Order//

Presented by:

BUSH KORNFELD LLP

By_____
   Christine M. Tobin-Presser, WSBA #27628
   Thomas A. Buford, WSBA #52969
   Jason Wax, WSBA #41944
Proposed Attorneys for Strategies 360, Inc.

[PROPOSED] ORDER REQUIRING RECONSTITUTION OF UNSECURED CREDITORS COMMITTEE– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm14eg01zf

Case 23-12303-TWD    Doc 68    Filed 12/18/23    Ent. 12/18/23 14:26:50    Pg. 10 of 10