Honorable Timothy W. Dore
Chapter 11
Hearing Location: Seattle, Rm 8106
Hearing Date: January 8, 2024
Hearing Time: 9:30 am
Response Date: January 2, 2024

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

Debtor.

No. 23-12303

KEYBANK'S JOINDER TO TRUSTEE'S LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR ORDER AUTHORIZING KEY EMPLOYEE RETENTION PLAN AND FURTHER OBJECTION

KeyBank, N.A. ("KeyBank"), a secured creditor in this case, submits this joinder to the United States Trustee's Limited Objection (Dkt. No. 100) to the Debtor's Motion (the "KERP Motion") for Order Authorizing Key Employee Retention Plan. KeyBank further objects as follows:

1. KeyBank is the Debtor's secured line of credit lender, owed $3,665,639.30 in principal, plus accrued and accruing contract and default rate interest, attorneys' fees and costs (the "KeyBank Secured Claim"), as documented in part by a Business Loan Agreement, Promissory Note, Commercial Security Agreement. Commercial Guaranty, and Uniform Commercial Code financing statement filed with Washington's Department of Licensing and other documents (collectively, the "KeyBank Loan

KEYBANK'S LIMITED OBJECTION TO MOTION FOR
ORDER AUTHORIZING KEY EMPLOYEE RETENTION
PLAN– Page 1

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 114    Filed 01/02/24    Ent. 01/02/24 16:14:37    Pg. 1 of 3

1  Documents"). Copies of the KeyBank Loan Documents are already in the record as exhibits attached
2  to the Declaration of John Rosenberg. Dkt. No. 6.

3  2. The KeyBank Secured Claim is secured by first priority valid and perfected security interests in substantially all of the Debtor's personal property (the "Collateral"), including the Debtor's cash collateral (the "Cash Collateral").

3. As accurately stated in the Trustee's Objection, The Debtor's submissions are insufficient to meet the required burden under 11 U.S.C. § 503(c)(3). Although Debtor's KERP Motion mentions various details of the KERP and conditions on payment, there is no transparency as to the specifics of the plan nor any reference to a specific plan that could be scrutinized by the Court and parties.

4. The Debtor's proposed order similarly contains no description of the KERP's details nor any conditions on payments. It simply states "the KERP is approved and the Debtor is authorized to implement the KERP and the Debtor is authorized by not directed to make the payments associated with the KERP." Dkt. 66-1 at 2.

5. Determining the scope and terms of the KERP requires inferences from representations in the KERP Motion. The KERP Motion states "the Debtor's board of directors approved a Non-Insider Key Employee Retention Plan." Dkt. 67 at 1. However, the KERP Motion does not make clear what the Board may consider an "insider" and provides no plan details. It is critical that any order approving a KERP make clear the definition of "insider" is governed by the Bankruptcy Code – including both insiders as defined by Section 101(31) and non-statutory insiders, *see In re AMR Corp.,* 490 B.R. 158, 166 (Bankr. S.D.N.Y. 2013) – not on the Board's definition, whatever that may be.

KEYBANK'S LIMITED OBJECTION TO MOTION FOR
ORDER AUTHORIZING KEY EMPLOYEE RETENTION
PLAN– Page 2

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 114    Filed 01/02/24    Ent. 01/02/24 16:14:37    Pg. 2 of 3

6. Consistent with the Bankruptcy Code's definition, any order approving a KERP should further clarify that no senior management officer or director is qualified to receive or will receive KERP payments.

7. The KERP Motion asserts the "total cost of the KERP is expected to be approximately "$350,000." Dkt. No. 66 at 3. No rationale of any kind is provided for this purported expectation.

8. Any order approving a KERP should limit KERP payments only to two weeks' worth of wages to non-insider employees at the same pay rates as of the petition date. In no event should these payments, in total, exceed the $350,000 estimated in the KERP Motion.

9. Finally, any order authorizing a KERP should ensure that no KERP payment may be made from the Cash Collateral unless authorized under and compliant with the Court's pending Final Order on Use of Cash Collateral, and that any KERP payments authorized by the Court are without prejudice to KeyBank's rights under the Final Order on Use of Cash Collateral.

10. A revised form of order accompanies this objection.

DATED this 2nd day of January, 2023.

/s/Bruce W. Leaverton
Bruce W. Leaverton, WSBA #15329
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: bleaverton@karrtuttle.com
*Attorneys for KeyBank, N.A.*

KEYBANK'S LIMITED OBJECTION TO MOTION FOR
ORDER AUTHORIZING KEY EMPLOYEE RETENTION
PLAN– Page 3

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 23-12303-TWD    Doc 114    Filed 01/02/24    Ent. 01/02/24 16:14:37    Pg. 3 of 3