HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

STRATEGIES 360, INC.,

          Debtor.

No. 23-12303-TWD

DEBTOR'S PLAN OF REORGANIZATION

Strategies 360, Inc. (the "Debtor"), debtor-in-possession in the above-captioned bankruptcy case, proposes the following Plan of Reorganization (the "Plan") pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code:

## ARTICLE I.
## DISCLOSURE STATEMENT

The Debtor has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3016(c). The Disclosure Statement has been approved by the Bankruptcy Court prior to this Plan being submitted to creditors. The Disclosure Statement provides useful information to aid and assist creditors in voting on the Plan. YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING THE IMPACT OF THE PLAN UPON YOUR CLAIMS.

## ARTICLE II.
## DEFINITION OF TERMS

**A.**    **Definitions**

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

DEBTOR'S PLAN OF REORGANIZATION– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 1 of 17

1. <u>Administrative Convenience Claim</u>:  An Allowed Claim (i) less than or equal to $10,000 or (ii) as to which the Holder has made a Class 6 Election.

2. <u>Administrative Expense Claim</u>:  An Allowed Claim entitled to priority under § 507(a)(2) of the Bankruptcy Code, including (a) claims incurred by the Debtor since the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professional Persons pursuant to §§ 330 and 331 of the Code and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930.

3. <u>Allowed Claim</u>:  Any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the Bankruptcy Case, or in the absence of such proof, as set forth in the Debtor's Schedules of liabilities filed in the Bankruptcy Case, unless:

(i) such Claim has been listed in such Schedules as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court;

(ii) such Claim has been objected to or is objected to after Confirmation, in which case such claim is authorized by Final Order of the Bankruptcy Court; or,

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

4. <u>Assumed Contract</u>:  Shall have the meaning identified in Article VI of this Plan.

5. <u>Ballot</u>:  The form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan.

6. <u>Bankruptcy Case</u>:  The chapter 11 case of the Debtor pending before the Bankruptcy Court under Case No. 23-12303-TWD.

7. <u>Bankruptcy Code or Code</u>:  The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

8. <u>Bankruptcy Court or Court</u>:  The United States Bankruptcy Court for the Western District of Washington, before which the Bankruptcy Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, the Court that does exercise jurisdiction.

9. <u>Bankruptcy Rules</u>:  The Federal Rules of Bankruptcy Procedure.

10. <u>Business Day</u>:  Any day except Saturday, Sunday or a "legal holiday" as defined in Bankruptcy Rule 9006(a)(6).

11. <u>Cash</u>:  Cash or cash equivalents including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

12. <u>Claim</u>: A claim as defined in § 101(5) of the Bankruptcy Code.

13. <u>Claims Bar Date</u>: January 26, 2023.

14. <u>Class</u>: A class of Claims or Interests as defined in Article III of this Plan.

15. <u>Class 1 Claim</u>: Shall have the meaning identified in Section IV.B.1 of this Plan.

16. <u>Class 2 Claim</u>: Shall have the meaning identified in Section IV.B.2 of this Plan.

17. <u>Class 3 Claim</u>: Shall have the meaning identified in Section IV.B.3 of this Plan.

18. <u>Class 4 Claim</u>: Shall have the meaning identified in Section IV.B.4 of this Plan.

19. <u>Class 5 Claim</u>: Shall have the meaning identified in Section IV.B.5 of this Plan.

20. <u>Class 6 Claim</u>: Shall have the meaning identified in Section IV.B.6 of this Plan.

21. <u>Class 6 Opt-In</u>: Shall have the meaning identified in Section IV.B.6 of this Plan.

22. <u>Confirmation</u>: Confirmation of the Debtor's Plan.

23. <u>Creditor</u>: A "creditor" within the meaning of § 101(10) of the Bankruptcy Code.

24. <u>Debtor</u>: Strategies 360, Inc. the debtor in possession in this Bankruptcy Case.

25. <u>Default Notice</u>: Shall have the meaning identified in Section VIII.H of this Plan.

26. <u>Disputed Claim</u>: A filed or scheduled Claim of an alleged creditor that was listed in a Debtor's Schedules as "disputed," and which has not subsequently been allowed, or as to which a party-in-interest has filed an objection.

27. <u>Dotzauer</u>: Ron Dotzauer.

28. <u>Effective Date</u>: The first Business Day that is at least five (5) Business Days following the entry of the Order of Confirmation.

29. <u>Estate</u>: The Estate created for the Debtor pursuant to § 541 of the Bankruptcy Code.

30. <u>Federal Judgment Rate</u>: The rate of interest in effect as of the Effective Date provided for under 28 U.S.C. § 1961 for post-judgment interest in federal court proceedings.

31. <u>Final Order</u>: An order or judgment of the Court as to which the time for appeal has expired without a notice of appeal having been filed or as to which any appeal therefrom has been resolved.

DEBTOR'S PLAN OF REORGANIZATION– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 3 of 17

32. <u>Governmental Unit</u>: A "governmental unit" as defined in § 101(27) of the Bankruptcy Code.

33. <u>Holder</u>: A holder of a Claim or Equity Interest, as the case may be.

34. <u>Initial Class 5 Payment</u>: Shall have the meaning identified in Section IV.B.5 of this Plan.

35. <u>Interest</u>: An equity interest in the Debtor.

36. <u>KeyBank</u>: KeyBank National Association.

37. <u>KeyBank Loan</u>: The loan from KeyBank to the Debtor evidenced by, among other things, the Business Loan Agreement dated March 27, 2023 in the principal amount of $4,500,000.

38. <u>KeyBank Note</u>: The Promissory Note executed by the Debtor in favor of KeyBank in the principal amount of $5,000,000 dated November 5, 2021.

39. <u>KeyBank Security Interest</u>: The security interest granted by the Debtor to KeyBank to secure the KeyBank Loan as to which a UCC-1 financing statement was filed with the Washington State Department of Licensing, Filing No. 2019-274-7933-1.

40. <u>Notice and Hearing</u>: Proceedings as contemplated under Bankruptcy Code § 102(1).

41. <u>Official Mailing List</u>: Shall have the meaning identified in Section VIII.B.

42. <u>Order of Confirmation</u>: The order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

43. <u>Oceguera</u>: John Oceguera, holder of a 5% Interest in the Debtor.

44. <u>Oceguera Claim</u>: The proof of claim filed with the Court by Oceguera on December 19, 2023, Proof of Claim No. 2.

45. <u>Oceguera Employment Agreement</u>: The Employment Contract entered into between Oceguera and the Debtor and executed by the parties on September 8, 2023 and September 11, 2023, respectively.

46. <u>Oceguera Stock Agreement</u>: The Stock Purchase Agreement entered into among Dotzauer, Oceguera and the Debtor as of August 25, 2023.

47. <u>Petition Date</u>: November 27, 2023, the date upon which the Involuntary Petition was filed with the Bankruptcy Court.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

48. <u>Plan</u>: The Debtor's Plan of Reorganization, as such may be amended from time to time.

49. <u>Plan Pendency Injunction</u>: Shall have the meaning identified in Section VII.F of this Plan.

50. <u>Priority Tax Claims</u>: Allowed Claims of Governmental Units for the principal amount of a tax within the meaning of § 507(a)(8) of the Code, and statutory interest accruing thereon prior to the Petition Date.

51. <u>Professional</u>: A person, including a trustee (if one is appointed), retained or to be compensated pursuant to §§ 326, 327, 328, 330, and/or 1103 of the Bankruptcy Code.

52. <u>Rejected Contract</u>: Shall have the meaning identified in Article VI of this Plan.

53. <u>Reorganized Debtor</u>: The Debtor on and following the Effective Date.

54. <u>Second Class 5 Payment</u>: Shall have the meaning identified in Section IV.B.5 of this Plan.

55. <u>Secured Claim</u>: An Allowed Claim that is a secured Claim against a Debtor determined in accordance with § 506(a) of the Bankruptcy Code.

56. <u>Schedules</u>: The schedules of assets, liabilities and executory contracts and the statement of financial affairs filed on behalf of the Debtor pursuant to § 521 of the Bankruptcy Code, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

57. <u>Sorensen Claim</u>: The Claim asserted by Eric Sorensen as a result of the judgment entered on October 19, 2023 by the King County Superior Court Case No. 23-2-14006-1 SEA in the amount of $6,163,768.90.

58. <u>Trujillo Claims</u>: The claims asserted against the Debtor by the Trujillos in Cause No. D-101-CV-2023-02290 pending before the State of New Mexico County of Santa Fe First Judicial District Court.

59. <u>Trujillos</u>: Jennifer and Anthony Trujillos, a married couple.

60. <u>Unsecured Claim</u>: An Allowed Claim that is (a) based upon (i) a proof of claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the Claims Bar Date, or (ii) the listing of the Claim in the Debtor's schedules of liabilities as other than disputed, contingent or unliquidated, and (b) not a Secured Claim or an Unclassified Claim.

DEBTOR'S PLAN OF REORGANIZATION– Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 5 of 17

**B.     Rules of Interpretation**

The rules of construction set forth in § 102 of the Bankruptcy Code shall apply to the Plan.

# ARTICLE III.
# CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

<u>Class 1</u>:  Allowed Secured Claim of KeyBank
<u>Class 2</u>:  Allowed Sorensen Claim
<u>Class 3</u>:  Trujillo Claim
<u>Class 4</u>:  Oceguera Claim
<u>Class 5</u>:  Allowed General Unsecured Claims
<u>Class 6</u>:  Allowed Administrative Convenience Claims
<u>Class 7</u>:  Allowed Interests

# ARTICLE IV.
# PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING TREATMENT OF EACH CLASS UNDER THE PLAN

There are six Classes of Claims and one Class of Interests, and certain other Claims are Unclassified Claims pursuant to applicable provisions of the Bankruptcy Code. If the Court confirms the Plan and the Plan becomes effective, the Class into which each Allowed Claim and Allowed Interest fits will determine the manner in which such Claim or interest will be treated. The treatment of all Allowed Claims and Allowed Interests shall be as follows:

**A.     <u>Unclassified Claims</u>**

1.     <u>Unclassified Claims</u>.

a.     <u>Administrative Expense Claims</u>. As defined herein, Administrative Expense Claims are Allowed Claims for costs or expenses of the Chapter 11 Case that are allowed under sections 503(b) and 507(a)(1) of the Bankruptcy Code. Claims incurred in the ordinary course of the Debtor's business following the Petition Date shall be paid in the ordinary course of business in accordance with the terms and conditions of the particular agreements governing such obligations. Unless otherwise agreed to by the Professional Person, Claims of Professionals shall be paid on the later of the Effective Date or the date each such Claim becomes an Allowed Claim. Unless the Holder

DEBTOR'S PLAN OF REORGANIZATION– Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 6 of 17

of such Claim agrees to alternative treatment, all Allowed Administrative Expense Claims that have been incurred by the Debtor prior to Confirmation shall be paid on or before the Effective Date of the Plan.

  b. <u>Priority Tax Claims</u>.  As defined herein, Priority Tax Claims are Allowed Claims of Taxing Agencies that are entitled to priority in accordance with section 507(a)(8) of the Bankruptcy Code.  Priority Tax Claims include the principal portion of the applicable tax and interest accrued thereon through the Effective Date but do not include any penalties.  The Debtor does not believe there are any Priority Tax Claims eligible for treatment under the Plan.

**B.** **<u>Classified Claims and Interests</u>**

  1. <u>**Class 1**</u>:  **Allowed Secured Claim of KeyBank.**

 **Impaired.**  Class 1 consists of the Allowed Secured Claim of KeyBank (the "<u>Class 1 Claim</u>").  The Class 1 Claim shall be paid as follows:

  a. **<u>Allowance of Claim.</u>**  The Class 1 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor may agree or the Court may approve following Notice and Hearing.  All non-principal amounts owing as of Confirmation shall be capitalized and added to the principal balance of the Class 1 Claim.

  b. **<u>Retention of Security Interest</u>**.  The Holder of the Class 1 Claim shall retain the Key Bank Security Interest until the Class 1 Claim has been paid in full.

  c. **<u>Payment</u>:**  The Class 1 Claim shall be paid in full in equal monthly payments over a period of five years.

  d. **<u>Interest</u>:**  The Class 1 Claim shall accrue interest at the variable non-default rate identified in the KeyBank Note.

  2. <u>**Class 2**</u>:  **Allowed Sorensen Claim.**

 **Impaired.**  Class 2 consists of the Allowed Sorensen Claim (the "<u>Class 2 Claim</u>").  The Holder of the Class 2 Claim shall be paid as follows:

 The Class 2 Claim shall bear interest at the rate of 12% per annum and shall be paid in full through 60 equal monthly payments, commencing on the 20th day of the first full month following the Effective Date and payable on the 20th day of each subsequent month.

  3. <u>**Class 3**</u>:  **Trujillo Claim**

 **Impaired.**  Class 3 consists of the Trujillo Claim (the "<u>Class 3 Claim</u>"), which shall be treated as follows:

DEBTOR'S PLAN OF REORGANIZATION– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD Doc 127 Filed 01/04/24 Ent. 01/04/24 16:27:46 Pg. 7 of 17

The automatic stay contained Bankruptcy Code § 362 shall cease on the 30th day following the Effective Date. The Debtor and the Trujillos shall adjudicate their claims against each other in the First Judicial District of Santa Fe County in New Mexico, under the law applicable to their disputes, including all claims arising under or related to the Asset Purchase Agreement (and any revisions or amendments thereto) among the Trujillos, The Emissary Group, LLC, and S360 M&A Holding Group Inc and/or the Debtor.

Upon any final, non-appealable judgment being entered against S360 M&A Holding Group Inc. or the Debtor, or other resolution of the claims by agreement, settlement, or otherwise (the "Final Trujillo Resolution") that results in a net affirmative liability of the Debtor to the Trujillos, such net affirmative liability shall constitute an Allowed Claim in favor of the Trujillos, to be paid as follows: (1) to the extent that funds are paid on account of the Allowed Claim by the Debtor's insurance carrier, such funds will be paid to the Trujillos within ten days of the insurer's issuance of such payment; (2) if the Allowed Claim is $250,000 or less and is not to be paid by the Debtor's insurance carrier, the Debtor shall pay the Allowed Claim upon its terms; or (3) if the Allowed Claim is greater than $250,000 and is not to be paid by the Debtor's insurance carrier, the Debtor shall pay the Allowed Claim by making monthly payments on the first day of each month over a period of sixty months, commencing the first month following the Final Trujillo Resolution. Each payment shall be equal to the amount of the Debtor's Allowed Claim, divided by sixty. The Trujillos shall be entitled to the same payment terms as the Debtor if the Final Trujillo Resolution results in net affirmative amount owed to the Debtor by the Trujillos.

**4.    Class 4: Oceguera Claim.**  The Debtor will assume the Oceguera Employment Contract and the Oceguera Stock Agreement as of the Effective Date and will perform such agreements in accordance with their terms.

**5.    Class 5: Allowed General Unsecured Claims.**

**Impaired.**  Class 5 consists of Allowed General Unsecured Claims that are not Administrative Convenience Claims (each, a "Class 5 Claim"). Class 5 Claims shall be paid in full as follows:

Interest shall accrue on the Class 5 Claims at the federal judgment rate. Within sixty days of the Effective Date, the Debtor shall make a payment of $200,000 (the "Initial Class 5 Payment") to be distributed to Holders of Class 5 Claims on a *pro rata* basis. The Debtor will make a $200,000 payment on June 25, 2023 (the "Second Class 5 Payment") to be distributed to Holders of Class 5 Claims on a *pro rata* basis. Thereafter, beginning on September 25, 2023, the Debtor will make 14 equal quarterly payments totaling the amount necessary to satisfy the Class 5 Claims, with each such payment to be distributed to Holders of Class 5 Claims on a *pro rata* basis.

Any Holder of Class 5 Claim may opt to reduce its Allowed General Unsecured Claim to $10,000 and be treated as a Class 6 Claim, rather than a Class 5 Claim (the "Class 5 Opt-In").

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6. **Class 6: Allowed Administrative Convenience Claims.**

**Impaired.** Class 6 consists of Allowed Administrative Convenience Claims (each, a "Class 6 Claim"). The Debtor shall pay all Allowed Administrative Convenience Claims within 30 days following the Effective Date.

7. **Class 7: Allowed Interests in the Debtor.**

All Interests in the Debtor shall be retained by the Holders of such Interests as of the Petition Date. No distributions shall be made to Holders of Interests on account of such Interests until Classes 1 through 6 have been paid in full, with the exception that distributions to Holders of Interests relating to pass through income tax shall be permitted.

## ARTICLE V.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED CLAIMS

A. **Administration of Claims**

Except as otherwise provided for herein, each Claim shall be allowed or disallowed, as the case may be, in such amount as the Court shall determine, whether prior to or following Confirmation, and whether pursuant to this Plan or otherwise, upon such notice as the Bankruptcy Court or Bankruptcy Rules shall permit except that, after the Effective Date, the Debtor may settle or compromise any controversies regarding Claims without notice or further order of the Court.

B. **Defenses and Counterclaims Assigned to Reorganized Debtor**

On the Effective Date, the Debtor shall be deemed to have assigned to the Reorganized Debtor, and the Reorganized Debtor shall be deemed to have acquired and become the successor to, all defenses, counterclaims and setoffs, whether equitable or legal, of the Debtor to Claims held or asserted to be held against the Debtor. Any objection to Claims must be filed and served in accordance with Bankruptcy Rule 3007; provided, however, that the foregoing limitations do not apply to any Claims filed subsequent to Confirmation.

C. **No Distribution on Disputed Claims**

Notwithstanding any provision of the Plan specifying the time for payment of distributions to Holders of Claims, no payment or distribution shall be made to the Holder of a Disputed Claim until the time such Claim has been determined to be an Allowed Claim. Notwithstanding the existence of a Disputed Claim in a Class to which a distribution under this Plan is due, such distribution to other Holders in such Class shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the Holder shall be paid the amount that such Holder would have received had its Claim been an Allowed Claim on the Effective Date.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE VI.
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Plan constitutes a motion by the Debtor to reject the executory contracts and unexpired nonresidential real property leases identified in Exhibit A to the Plan pursuant to Bankruptcy Code § 365(a) (each, a "Rejected Contract"). The Plan constitutes a motion by the Debtor to assume all other executory contracts and unexpired nonresidential real property leases of the Debtor (each an "Assumed Contract"). The Debtor believes that cure is owed with respect to the Assumed Contracts identified in Exhibit B to the Plan in the amounts identified therein, and proposes to pay those cure amounts within 15 days of the Effective Date.

The Plan establishes a deadline for parties to file claims based upon the rejection of an executory contract or unexpired lease. Failure to timely file a proof of claim will result in the disallowance of any such claim. Any claim arising from the rejection of an executory contract or unexpired lease is a Class 5 Claim or Class 6 Claim, as the case may be, to the extent it is an Allowed Claim.

# ARTICLE VII.
# MEANS FOR EXECUTION OF THE PLAN

**A.** **Sources of Funds for Distribution**

The Debtor will fund the distributions under the Plan from its ongoing operations.

**B.** **Continued Corporate Existence and Vesting of Assets in the Debtor**

On the Effective Date, the Debtor shall continue to exist in accordance with the laws in the jurisdiction in which it was formed and pursuant to its Articles of Incorporation and Bylaws in effect prior to the Effective Date, except to the extent such documents are amended under the Plan. Except as otherwise provided in the Plan, on and after the Effective Date, each item of property of the Debtor, including all claims, rights and causes of action and any property acquired by the Debtor shall vest in the Debtor free and clear of all Claims, liens, charges, other encumbrances and interests except liens, charges and other encumbrances which the Debtor is required to grant or continue pursuant to Article IV of the Plan. On and after the Effective Date, the Debtor may operate its business and may use, acquire and dispose of property without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Plan or the Confirmation Order.

**C.** **Cancellation of Indebtedness**

On the Effective Date, except for the purpose of evidencing a right to distribution under the Plan, any notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtor, except assumed executory contracts, and/or such notes or other instruments evidencing indebtedness or obligations of the Debtor that are unimpaired, reinstated,

DEBTOR'S PLAN OF REORGANIZATION– Page 10

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 10 of 17

or amended and restated under the Plan, shall be cancelled and terminated and of no further force or effect.

**D.   Post-Confirmation Professional's Services**

Bush Kornfeld LLP shall continue to serve as the Debtor's counsel and the Debtor shall have authority to pay its Professionals post-confirmation fees and costs without further Court order.

**E.   Retention of Claims and Causes of Action**

Unless specifically waived in the Plan, all rights, claims and causes of action, whether equitable or legal, of the Debtor against all persons are reserved for and assigned to the Debtor, including without limitation all rights, claims and causes of action of the Debtor arising under §§ 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code, or under applicable non-bankruptcy law, for the recovery of avoidable preferences, fraudulent transfers or other conveyances.

**F.   Plan Pendency Injunction**

Upon Confirmation of the Plan, any Holder of an Allowed Claim in the Bankruptcy Case that is provided for under the Plan shall be temporarily enjoined from proceeding against any officer, director, shareholder, employee, or other responsible person of Debtor, individually, for the collection of all or any portion of such Holder's Allowed Claim paid or to be paid by the Debtor under the Plan (the "Plan Pendency Injunction"). The Plan Pendency Injunction shall remain in effect only for so long as the Debtor complies with the terms of the Plan. Any violation of the Plan that remains uncured for thirty (30) days after receipt by the Debtor of written notice from any party affected by such violation, shall automatically and without order of the Court result in the dissolution of the injunction as to said affected party.

## ARTICLE VIII.
## MISCELLANEOUS PROVISIONS

**A.   Unnegotiated Distribution Checks**

Pursuant to § 347 of the Bankruptcy Code, ninety (90) days after any distribution to any unsecured creditor by the Reorganized Debtor provided for herein, the Reorganized Debtor shall stop payment on any check on such distribution remaining unpaid to a Holder of an Allowed Claim and funds shall be returned to the Reorganized Debtor. From and after the date the Reorganized Debtor stops payment on any distribution check pursuant to this paragraph, the Holder of the Allowed Claim on account of which such check was issued shall be entitled to receive no further distributions on account of his claim and such holder's Allowed Claim shall thereupon be deemed satisfied in full.

**B.   Mailing List; Returned Distribution Checks**

The official listing of Creditor identities and mailing addresses is maintained by the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Western District of Washington (the

DEBTOR'S PLAN OF REORGANIZATION– Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 11 of 17

"Official Mailing List"). It shall be the obligation of each Creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity. In the event that a distribution check, that has been properly posted to the Creditor's address as set forth in the Official Mailing List, is returned as undeliverable by the United States Postal Service, the Reorganized Debtor shall be authorized, but not required, to void such check with the applicable funds becoming subject to further distribution pursuant to this Plan, and the claim of such creditor being deemed satisfied in full.

**C.     Administrative Claim Bar Date**

The deadline for submission of all Claims entitled to priority pursuant to § 503(b) of the Bankruptcy Code incurred prior to Confirmation, with the exception of fees and costs of Professional Persons, shall be thirty (30) days following the Effective Date. Failure to file a Claim by this date shall conclusively bar the claimant from asserting his Claim, which Claim shall be forever discharged.

**D.     Payments Shall Be Timely**

The Reorganized Debtor shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the Reorganized Debtor shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation of the Plan until the case is closed. After Confirmation of the Plan, the Reorganized Debtor shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the case remains open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**E.     Employment of Professionals**

The Reorganized Debtor shall be authorized to employ and compensate Professionals following Confirmation upon such terms as the Reorganized Debtor deems reasonable and appropriate without further notice or order of the Court.

**F.     Treatment of Negotiable Instruments**

Any negotiable instrument held by the Holder of a Claim shall be deemed exchanged, canceled or satisfied, as the case may be, on the Effective Date.

**G.     Stay of Confirmation Order Shall Not Apply**

The stay of enforceability of the order of Confirmation pursuant to Bankruptcy Rule 3020(e) shall not apply, and the order of Confirmation shall be enforceable according to its terms absent further order of the Court.

**H.     Event of Default; Consequence of Default**

An event of default shall occur if the Reorganized Debtor fails to fulfill any material term of the Plan, including any payment due under the Plan. In such an event, the party alleging such default

DEBTOR'S PLAN OF REORGANIZATION– Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 12 of 17

shall provide written notice of the alleged default to the Reorganized Debtor and its attorneys (the "Default Notice"), at each of the following addresses, which shall be deemed received (i) if by Federal Express or expedited delivery service, onthe confirmed date of delivery; (ii) if by electronic mail, on the date of the transmission of such electronic mail; and (iii) if by U.S. Mail, on the third Business Day thereafter:

> Strategies 360, Inc.
> Attn : Ron Dotzauer
> Chief Executive Officer
> Strategies 360
> 1505 Westlake Ave. N. #1000
> Seattle, WA 98109

And:

> Thomas A. Buford
> Christine M. Tobin-Presser
> Bush Kornfeld LLP
> 601 Union Street, Suite 5000
> Seattle, WA 98101-2373
> Phone: 206-292-2110
> Fax: 206-292-2104
> Emails: tbuford@bskd.com and ctobin@bskd.com

If, after thirty (30) days following the Debtor's and its counsel's receipt of the Default Notice, the Debtor and such party have been unable to resolve, or the Estate has been unable to cure, the asserted default, such party may proceed with any remedies available to it under applicable law, provided that nothing herein shall limit or affect the Debtor's right to seek appropriate relief from any court of competent jurisdiction.

## ARTICLE IX.
## PLAN IS BINDING; DISCHARGE

Except as specifically provided in this Plan or in the Confirmation Order:

1. The distributions made to the various Classes of Creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Interests. The terms of this Plan and the Confirmation Order shall be binding on all parties regardless of whether or not (a) the party's Claim was scheduled, (b) a Proof of Claim was filed, (c) the Claim is an Allowed Claim, (d) the party's Claim was in a Class that was impaired, or (e) the Holder thereof voted to accept the Plan.

2. Confirmation shall operate, upon the Effective Date, as a discharge of any and all debts and Claims against the Estate and the Debtor or Debtor-in-Possession that arose at any time prior to

DEBTOR'S PLAN OF REORGANIZATION– Page 13

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 13 of 17

Confirmation to the fullest extent permitted by Bankruptcy Code § 1141. The discharge of the Debtor and the discharge of Claims against the Debtor, whether asserted against the Debtor or the Debtor-in-Possession shall be effective as to each Claim, regardless of whether or not (a) the party's Claim was scheduled, (b) a Proof of Claim was filed, (c) the Claim is an Allowed Claim, (d) the party's Claim was in a Class that was impaired, or (e) the Holder thereof voted to accept the Plan.

# ARTICLE X.
# MODIFICATIONS OF THE PLAN

Pursuant to the provisions of § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation.

# ARTICLE XI.
# RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

Notwithstanding Confirmation, until entry of a final decree, the Bankruptcy Court shall retain jurisdiction to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Court shall retain jurisdiction for the following purposes:

1. Fixing and allowing any Claim as a cost and expense of the administration of the Bankruptcy Case;

2. Re-examining any Claim that has been allowed;

3. Hearing and determining objections to Claims. The failure of the Debtor to object to, or to examine any Claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine any Claim in whole or in part;

4. Hearing and determining any action brought by the Reorganized Debtor on behalf of the Estate seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law;

5. Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor, and any other party, including those that were pending prior to Confirmation;

6. Hearing and determining all questions and disputes regarding title to the property of the Estate;

7. Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan;

DEBTOR'S PLAN OF REORGANIZATION– Page 14

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 14 of 17

8. Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtor, the Estate and the Reorganized Debtor from actions of Creditors, or other parties-in-interest;

9. Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or to the rights or obligations of any parties-in-interest with respect thereto; and

10. The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article XI above.

## ARTICLE XII.
## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The Bankruptcy Court shall enter an order concluding and terminating the Reorganization Case upon application of the Reorganized Debtor.

DATED this 4th day of January, 2024.

                  STRATEGIES 360, INC.

                  By /s/ Ron Dotzauer
                      Ron Dotzauer
                      Its Chief Executive Officer

DEBTOR'S PLAN OF REORGANIZATION– Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gm20kd0123.002

Case 23-12303-TWD    Doc 127    Filed 01/04/24    Ent. 01/04/24 16:27:46    Pg. 15 of 17

# **EXHIBIT A**

*To Be Provided*

# **EXHIBIT B**

*To Be Provided*

gm20kd0123.002